Herman L. SANDERS et al., Appellant,

v.

M. H. WORTHINGTON, Appellee.

No. 3538.

Court of Civil Appeals of Texas.

Eastland.

April 30, 1965.

Rehearing Denied May 28, 1965.

Joel W. Cook, Houston, for appellant.

Jesse A. Pardue, Williams, Lee & Lee, Jesse J. Lee, Joseph W. Cash, Houston, for appellee.·

COLLINGS, Justice.

This is a suit in trespass to try title. The District Court disregarded a jury finding in favor of the defendants relative to the ten year statute of limitations and rendered judgment non obstante veredicto for the plaintiff Worthington. The defendants and an intervenor appealed. On a former hearing of the appeal we affirmed the judgment. Our Supreme Court reversed the judgment and remanded the cause to this court for disposition of points questioning the sufficiency and great weight and preponderance of the evidence on the question of the ten year statute of limitation.

Appellants claim under the ten year statute of limitations, as material to the question here under consideration, was and is based upon the possession and use of the property by Paddock as a tenant under Williamson and his successor Mrs. Anderson. Paddock held a lease from Williamson for about nine years beginning January 14, 1943, and continuing under subsequent leases until December 31, 1952. Holt, who held a lease from Williamson from 1938 through 1942 discontinued his possession of the land on January 1, 1942, and moved away. Paddock, who had previously been in possession of the land, but not as a tenant of Williamson, again moved his cattle upon the land. Atkins, an employee of Paddock, testified that Paddock told him prior to the time he moved his cattle on the land that he had subleased the land from Holt for the remainder of 1942, and that after 1942 he would lease it directly from Williamson. We held in our former opinion that Atkins' testimony concerning the landlord-tenant relationship for the year 1942 was hearsay and constituted no evidence of probative force to show that Paddock was a tenant

of Williamson during that period; that, since Paddock's possession could not be tacked to that of Holt, any possession of Paddock prior to the date of his lease in January, 1943, did not inure to the benefit of Williamson and that Williamson's possession was therefore for less than the ten year statutory period.

Our Supreme Court reversed that judgment holding that we erred in finding that the testimony of Adkins was inadmissible, holding that there was some evidence in support of the jury finding in appellant's favor on the ten year limitation issue, and holding that the trial court should have rendered judgment for the defendants on the basis of the jury's answer to special issue number 5. The Supreme Court then remanded the cause to this court with instructions to pass upon crosspoints in which appellee asserts that the answer to special issue number 5 to the effect that appellant Nancy W. Anderson and her predecessors had acquired title to the land under the ten year statute of limitations is contrary to the overwhelming weight of the evidence and that the evidence is insufficient to support such finding. Reference is made to our former opinion, 349 S.W.2d 115 and the opinion of our Supreme Court, 382 S.W.2d 910, for detailed statement of the facts and we feel that no useful purpose would be served in restating them. We have examined the entire record in accord with the proper rule of law in such cases including the evidence which appellee contends shows that the nature of Holt's possession was such that it did not inure to the benefit of Williamson's claim of adverse possession. After such consideration of the record it is our opinion that the finding of the jury in answer to special issue number 5 is not against the great weight and preponderance of the evidence, and that the evidence is sufficient to support such finding.

The judgment of the trial court is therefore reversed and judgment is rendered for appellants.