**E. C. WALDROP et al., Appellants,**

**v.**

**J. H. MANNING et al., Appellees.**

**No. 8157.**

Court of Civil Appeals of Texas,
Texarkana.

Dec. 31, 1973.

Rehearing Denied March 26, 1974.

J. R. Cornelius, Jefferson, for appellants.

Mahlon L. Walters, Jefferson, L. F. Burke, Longview, for appellees.

RAY, Justice.

This is a boundary line dispute. J. H. Manning and Rodger Manning, appellees (plaintiffs) filed suit against appellants

(defendants) E. C. Waldrop, Byron Waldrop and G. W. (Toby) King II, claiming that a road running in an easterly and westerly direction was located upon land owned by J. H. Manning and that the Waldrops and King had enclosed the road with a fence, cutting off the access to the Rodger Manning house by the previous usual means of travel on the road. The Rodger Manning house was located north of the road and appellees claimed that the King property was located south of the road. Appellees further stated that though the road was located upon their lands, it had been traveled and used for many years by the public and that the road had become a public road. In the alternative, appellees sued for title and possession of the roadway 20 feet wide and 5,621.295 feet long.

The case was presented to the Court without the aid of a jury and judgment rendered that appellee J. H. Manning recover for appellants, E. C. Waldrop, Byron Waldrop and C. W. (Toby) King II, the title and possession of the strip of land 20 feet wide and 5,621.295 feet long located in the William T. Davis survey, A–101, and the William Gilbert Survey, A–166, in Marion County, and denied all other relief.

E. C. Waldrop has filed his motion to be dismissed as an appellant for the reason that his cattle grazing lease has terminated and he now has no other right, title or interest in the land involved in this litigation. Appellees have filed no objection and the motion will therefore be granted.

Appellants Byron Waldrop and C. W. (Toby) King II present 14 points of error for our consideration.

The parties entered into a stipulation that this suit was a boundary line dispute and that each party had good title to his respective tract of land, and that the parties were not claiming otherwise than under their deeds and other instruments vesting title in them, except "that the defendants (appellants) claimed title to the land in the road to the old fence formerly situated on the north side of said road whether it is included within the description of their deeds or not." The case was tried as a boundary line dispute, as stipulated, and it is in this light that the case will be reviewed.

Further explanation is perhaps necessary in what will be considered by this court in determining the case. The first request for findings of facts and conclusions of law was filed on November 21, 1972, the same date that the trial judge signed the judgment. This first request was timely filed in accordance with Rule 296, Texas Rules of Civil Procedure. The trial judge did not file his findings within thirty days before the time for filing the transcript as required by Rule 297, Tex.R.Civ.P. At this juncture, it was incumbent upon appellant to file a second request within five days after such period, calling the omission to the attention of the trial judge, whereupon the period for preparation and filing of the trial court's findings could be extended for five days after such notification in accordance with Rule 297, supra. Appellants did file two additional *untimely* requests on January 3, 1973, and January 18, 1973. The statement of facts and original transcript were filed in the Court of Civil Appeals on January 18, 1973. On the following day, January 19, 1973, the trial court filed findings of fact and conclusions of law with the District Clerk of Marion County, and on that same date such findings were filed in the Court of Civil Appeals as a supplemental transcript, all of which was within the sixty day time limit for filing the transcript and statement of facts, pursuant to Rule 386, Tex.R.Civ.P., but the findings were not timely filed in the trial court pursuant to Rules 296 and 297, supra.

On January 29, 1973, appellants filed in the trial court their request for additional findings of fact which the trial judge refused on January 31, 1973.

Ordinarily, if the original findings and conclusions are tardily filed by the trial judge, but within time to appear in the transcript, the courts have disre-

garded the time limitation set out in Rule 297. There are numerous cases holding that if the original or the supplemental findings and conclusions, though filed late, are filed in ample time to appear in the transcript, the time limitations in Rules 297 and 298, supra, will be disregarded. 4 McDonald's Texas Civil Practice 24, Sec. 16.08.3(c), Late Findings and Conclusions. In the present case, the findings and conclusions were filed in the trial court after the original transcript had been filed in the Court of Civil Appeals and the findings were brought up as a supplemental transcript one day before the time had expired for filing the transcript in the appellate court. The late filing of the findings of fact and conclusions of law by the trial court effectively cut off appellants' right to request additional findings. Appellants' remedy to this frustrating situation would have been to have timely filed the statement of facts which they did, and request an extension of time within which to file the transcript, pursuant to Rule 386, in order to make sure that all findings were included in the transcript and such additional ones as the appellant might request. However, appellants did not file the findings of fact and conclusions of law in this court, but the supplemental transcript containing the findings indicates that such were filed in the appellate court by appellees. Thus, appellants did not have their full five days within which to request additional findings and another five days within which to procure those findings from the trial court since the original transcript had already been filed in this court. It has been held that supplemental findings filed in the trial court after expiration of the period for filing the transcript in the court of civil appeals will be disregarded in determining the appeal. Ott v. Ott, 245 S.W.2d 982 (Tex.Civ.App., Beaumont 1952, no writ). In *Ott*, the appellate court disregarded the original findings because of violation of the rules which attended their filing. A similar situation as is now presented to this court was presented to the Austin Court of Civil Appeals in Associates Development Corporation v. Air Control Products, Inc., 392 S.W.2d 542 (Tex.Civ.App., Austin 1965, writ ref'd, N.R.E.). There the court completely disregarded the late filed findings and conclusions and stated, "This belated filing left appellants and the trial court insufficient time allowed by Rule 298 for requesting and filing additional or amended findings and conclusions. Under these circumstances, we consider this appeal as if no findings or conclusions had been requested, made or filed."

 Because of the impossibility of complying with Rule 298 by appellants following the filing of the findings and conclusions of the trial judge after the transcript had already been filed in the Court of Civil Appeals, we believe that "due process" and justice would best be served in this case by reversing the judgment of the trial court and remanding the case for new trial. We are not unaware of the provisions of Rule 297 which state in essence that in order for appellants to here complain they must have timely requested in writing that the trial judge prepared his findings of fact and conclusions of law when he had failed to do so upon the original demand. In an effort to decide cases upon their merits, the appellate courts of this state have overly relaxed Rules 297 and 298 to the point that the trial judge can file his findings and conclusions at almost any time, as long as they are filed in ample time to appear in the transcript. 4 McDonald's Texas Civil Practice 24, supra. We disapprove of the extreme relaxation of Rules 296 and 297, and hold it to be reversible error for the trial judge to file his findings and conclusions so late as to effectively cut off the appellant from requesting and securing additional findings of fact and conclusions of law, as was done in this case. The case will be reversed and remanded. Richie v. State, 275 S.W.2d 723 (Tex.Civ.App., Galveston 1955, no writ). We are not unmindful of Rule 434, Tex.R. Civ.P., which allows this court to direct

the trial judge to file additional findings of fact and conclusions of law. However, we find other errors committed by the trial court which require the remand.

◼ While it is difficult to determine if appellants' points of error are directed at the judgment as not being supported by the findings of fact, or that the findings of fact are not supported by the evidence, we have chosen the latter as our interpretation of the points presented. There are two cases which state that the findings of fact and conclusions of law made by the trial court, not having been excepted to or objected to in any manner by the appellants, are conclusive of the fact situation and are binding on the parties and the appellate court. Payne v. City of Tyler, 379 S.W.2d 373, 376 (Tex.Civ.App., Tyler 1964) and affirmed by the Texas Supreme Court, 383 S.W.2d 804 (1964). The purpose of such exception or objection is to notify the adverse party and the trial court of some dissatisfaction with the findings of fact and conclusions of law. However, in Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943 (1958) the court stated at page 948 that the appellant "may preserve his right to contend on appeal that the findings have no support in the evidence or are contrary to the great weight and preponderance of the evidence by including proper points or cross-points of error in his brief in the Court of Civil Appeals." We interpret this to mean that the appellant is no longer required, though he may do so if he desires, to file objections or exceptions to the trial court's findings of fact and conclusions of law in order to preserve those points for appellate review in cases in which Rule 296, supra, is invoked, as here.

The issue to be determined in this case was the location of the senior survey line between the Manning tract and the King property. The evidence shows that W. V. Hughes was the owner of four surveys containing about 700 acres of land. The four tracts in Marion County formed a square and included the William Gilbert A–66 Survey, the A. D. S. Coy Survey A–67, the W. T. Davis A–101 Survey and the William Gilbert A–167 Survey.

◼ In 1871 Hughes conveyed the south 200 acres of his land to William C. Roberts, which land is now owned by appellant King. Thereafter, through various conveyances, the northern portion of the land was conveyed to Jeff Manning, father of appellee J. H. Manning. The deed to Jeff Manning calls for adjoinder to the north line of the Warren Davis tract (now the tract owned by appellant King). The key issue in this case is the location of the senior survey line, which would be the north line of the King tract. Field notes of a junior survey that in no way tend to fix the boundaries of a senior survey are to be excluded. The surveyor for appellee Manning used the field notes of the junior survey to locate the boundary between the two tracts and did not try to locate the boundary line from calls or other information found in the deeds in the chain of title to the King tract. It was incumbent upon appellee Manning to show that his surveyor had used all practical means to determine the north line of the senior survey (that is, the north line of the King tract), and that it was impossible to establish the north line by deed references and natural or artificial objects on the ground before the location of the line could be made by the aid of the field notes of the junior survey. It is only when natural marks are not on the ground to show a survey and there is no evidence to supply those marks, that recourse may be had to secondary evidence. Strong v. Delhi-Taylor Oil Corporation, 405 S.W.2d 351 (Tex.Civ.App., Corpus Christi 1966, err. ref'd, N.R.E.). We thing a reading of the record shows that appellees' surveyor did not attempt to locate any of the lines in the senior survey. The law does not allow him to locate the north line of the senior survey (the King tract) from a point called for in the junior survey. Strong v. Delhi-Taylor Oil Corporation, supra, at page 376. The record

shows that M. H. Hackney, surveyor for the appellees, started from a reference point in the junior survey to establish the boundary line between the Manning and King tracts.

 Appellees' (plaintiffs') Exhibit 2 and 3 (maps) are merely opinions and conclusions of their respective draftsmen and have no probative force because they contain no factual information tying them to the original survey and should have therefore been excluded. Sanders v. Worthington, 349 S.W.2d 115 (Tex.Civ.App., Eastland 1961); 382 S.W.2d 910 (Tex.Sup. 1964); rev. on other grounds, 390 S.W.2d 828 (Tex.Civ.App., Eastland 1965, writ ref'd, N.R.E.).

It is doubtful that appellees' (plaintiffs) Exhibit No. 19 meets the tests required to be admissible as an ancient map. Concisely, the map purports to be an oil field map given to J. H. Reeves more than thirty years before its introduction into evidence in this case. The map was a private map held in the custody of Reeves. The mere fact that one testifies that he has had a map in his possession for over 30 years does not make the map an ancient instrument. However, it does not appear on the face of the map the date that it was prepared. It is suspicious for the reason that it bears dates up through 10–31–45 which appear to be dates that leases were taken on those various tracts where the dates appear. Obviously, if the date is correct on the map, the instrument is less than thirty years old. Further, there is no showing that either of the parties relied upon the private map as establishing their boundaries, nor did they ever accept or ratify or adopt it as a proper description of the land they owned. Neither was the map recorded in the County Clerk's office or the General Land Office, nor was it in the custody of the County Surveyor. There was no showing that the map was relied upon by the general public, title companies, or others as being an accurate depiction of property lines on the map and

in particularly in the vicinity of the Manning and King tracts. Appellees' Exhibit No. 19 was inadmissible and should not have been received into evidence by the trial court. Reiter v. Coastal States Gas Producing Co., 365 S.W.2d 953 (Tex.Civ. App., El Paso 1963), rev. other grounds, 382 S.W.2d 243 (Tex.Sup. 1964); San Antonio River Authority v. Hunt, 405 S.W.2d 700 (Tex.Civ.App., Corpus Christi 1966, writ ref'd, n. r. e.).

The judgment of the trial court is reversed and the case remanded for new trial.

CORNELIUS, J., not participating.