**Emil STEFEK, d/b/a Emil Stefek, General Contractor, Appellant,**

v.

**Frank L. HELVEY, Jr., et al., Appellees.**

**No. 1470.**

Court of Civil Appeals of Texas, Corpus Christi.

May 29, 1980.

Rehearing Denied June 26, 1980.

Paul Dodson, Charles W. Cromwell, Corpus Christi, for appellant.

James F. Buchanan, Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

The question presented by this appeal is whether a notation on a check is an acknowledgement of a stale debt so as to toll the statute of limitations for collection purposes. Emil Stefek, Individually and d/b/a Emil Stefek, General Contractor, brought suit alleging that Frank L. Helvey, Jr., Frank L. Helvey, III, and Bonnie Jean Helvey promised to pay a debt on a construction contract after the statute of limitations had barred such claim. The trial court, in a trial without a jury, rendered a take nothing judgment against the plaintiff. He appeals. We affirm.

The parties entered into a contract in November of 1970 for construction repair work on a motel owned by appellees which was damaged by Hurricane Celia. All construction was to be supervised by an architect, who was to approve all invoices for billings. During the course of construction, many changes were made orally without making a new written contract.

Payment by the appellees to the appellant was accomplished through a system of monthly invoices. The architect approved the first four invoices but declined to approve the last two invoices dated July 9, 1971 and September 16, 1971, in the respective amounts of $11,062.04 and $10,739.32. An adjustment on the last two invoices

occurred, but it is unclear whether the architect finally gave his approval. The appellant asserts that the debts were due on September 16, 1971, the date of the last invoice. The contract stated performance was due by January 13, 1972.

On January 7, 1972, the parties met and appellees (by Frank L. Helvey, Jr.) agreed to pay to appellant the amount owed under the fifth invoice (dated July 9, 1971) on an installment basis. The final payment on that invoice was by check dated July 15, 1975, with the following notation on the face of the check: "July 1975 payment on 1970–1971 Celia repair under July 9, 1971 invoice of $11,062.04." It is this notation which is the subject of this law suit.

Appellant brings forward one point of error, asserting that this notation amounts to an acknowledgement of the claim and promise to pay the debt. Such an acknowledgement would toll the four year statute of limitations set out by Tex.Rev.Civ.Stat. Ann. art. 5527(1) (1958). Art. 5539 permits an acknowledgement of the justness of the claim if it is in writing and signed by the party to be charged.

Appellant brought suit for breach of contract on June 15, 1977. The trial court entered a take nothing judgment on October 31, 1978. On November 16, 1978, the attorney for the appellant wrote a letter to the trial judge requesting findings of fact and conclusions of law. It is presumed that the trial judge received the letter a day or two later. The request was not filed with the district clerk's office until March 23, 1979. On the same day (March 23), the trial judge rendered findings of fact and conclusions of law in the case.

The Rules of Civil Procedure of this State set out a definitive procedure for requesting the findings of a trial court. The complaining party must request findings of fact and conclusions of law within ten days from the rendition of final judgment or order overruling the motion for new trial. Rule 296, T.R.C.P. The trial judge should prepare these findings and conclusions thirty days before the transcript is due in the reviewing court. If the judge fails to prepare them in that time period, the complaining party should complain of this failure in writing within five days after the 30-day countdown to the filing of the transcript has commenced. Rule 297, T.R. C.P.

Interpretation of these rules by the courts has muted the requirement of strict compliance. This Court has held that no reversible error is present if the record reaches the appellate court in time and no injury or prejudice occurs to the non-moving party. *Gomez v. Gomez*, 577 S.W.2d 327 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Fonseca v. County of Hidalgo*, 527 S.W.2d 474 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). It is apparent that the timetables set out by Rules 296 and 297 are flexible if there is no gross violation of the filing dates and no party is prejudiced by the late filing. *Bostwick v. Bucklin*, 144 Tex. 375, 190 S.W.2d 818 (1945); *Tippit v. Tippit*, 360 S.W.2d 177 (Tex.Civ.App.—Beaumont 1962, no writ). Compare *Waldrop v. Manning*, 507 S.W.2d 626 (Tex.Civ. App.—Texarkana 1973) writ ref'd n. r. e., 514 S.W.2d 899 (Tex.1974).

In the case before this Court, there was no apparent timely attempt by the appellant to comply with the provisions of Rules 296 and 297. The request for findings was made some sixteen days after judgment, six days past the time period of ten days set out by Rule 296. The trial judge did not make his findings and conclusions until March 23, 1979, some 80 days after the transcript was due in this Court on January 2, 1979. Additionally, appellant did not make a second request for findings under Rule 297 once the 30-day countdown to the transcript filing date had commenced. See *Rainwater v. Milfeld*, 485 S.W.2d 831 (Tex.Civ.App.—Corpus Christi 1972, no writ). This Court will permit minor infractions of these rules. *Gomez v. Gomez*, supra; *Fonseca v. County of Hidalgo*, supra. But we will not consider findings and conclusions which grossly violate the filing dates, as here. See *United Farm Workers AFL–CIO v. H. E. Butt Grocery*

*Company*, 590 S.W.2d 600 (Tex.Civ.App.— Corpus Christi 1979, no writ). So we will disregard the findings and conclusions in determining this appeal.

■ When findings of fact and conclusions of law are not properly before this Court, the trial court's judgment will be affirmed if it can be upheld on any legal theory that is supported by the evidence. *Cortez v. Nat. Bank of Commerce of Brownsville*, 578 S.W.2d 476 (Tex.Civ.App. —Corpus Christi 1979, writ ref'd n. r. e.).

■ The trial court was entitled to find from the evidence that the debt allegedly owed to the appellant for construction repair work was barred by the statute of limitations. The notation on the check issued July 15, 1975, did not amount to an acknowledgement of the debt and thereby did not toll the statute of limitations. Tex. Rev.Civ.Stat.Ann. art. 5539 (1958).

■ This Court in *House of Falcon, Inc. v. Gonzalez*, 583 S.W.2d 902 (Tex.Civ.App.— Corpus Christi 1979, no writ), recently examined the requirements of Article 5539, and set them out as: 1) an unequivocal acknowledgement of the justness of the claim; and 2) an expression of a willingness to pay. In addition to these two fundamental requirements this Court in *Falcon* at 905 set out two requirements of form as follows:

> "First, the acknowledgement must in some way refer to the obligation or there must be introduced parol evidence that the statement was intended to acknowledge the debt being sued upon when the evidence indicates more than one debt is owing to the creditor or that there were no other debts between the parties other than the one being sued upon. . . . [S]econdly, the amount acknowledged must be susceptible of ready ascertainment, though it need not be specified."

An examination of the facts of this case reveals that the parties originally contracted for payment of the repair work through invoices. The appellant-contractor would invoice the work done as of a certain date and send that invoice to the architect for approval. If the architect did not approve of the charges, he would send the bill back to the contractor.

The first four invoices were approved and paid. The fifth and sixth invoices, however, were not approved. The appellee did begin paying $150.00 monthly on the fifth invoice dated July 9, 1971, and paid off the debt on July 15, 1975. No payment was ever made on the sixth invoice.

As we have mentioned, on the face of the final check, being payment for the fifth invoice on July 15, 1975, the following notation was written: "July 1975 payment on 1970–1971 Celia Repair under July 9, 1971 invoice of $11,062.04." This notation does not unequivocally acknowledge the justness of the debt set out by the sixth invoice, nor does it express a willingness to pay the debt. Furthermore, it particularly refers to only that debt created by the fifth invoice dated July 9, 1971.

There is evidence, therefore, to support the trial court's judgment that no acknowledgement of the debt existed under article 5539 which would toll the statute of limitations.

The judgment of the trial court is affirmed.