George C. ANDERSON, et al.,
Appellants,

v.

Frank Neal SMITH, Appellee.

No. 01–81–0733–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 27, 1982.

George M. Kirk, Jr., Houston, for appellants.

Casbeer Snell, Jr., Houston, for appellee.

Before DUGGAN, DOYLE and DYESS, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a judgment awarding money damages and related compensation to appellee for personal injuries sustained during his employment with appellant. Due to the singularly limited nature of this appeal, a recitation of the facts is not necessary. Post-judgment procedures, however, are at issue and merit detailed attention.

On September 4, 1981, judgment was entered in favor of appellee in the amount of $7,452.00. According to appellant, his first request for findings of fact and conclusions of law was timely filed on September 8, 1981, followed by a second request timely filed on October 6, 1981. Appellee declined to file a brief on appeal and has left these factual allegations uncontroverted. However, we noted that the transcript's copy of appellant's first request for findings reflected a typewritten filing date of December 17, 1981, with a notation that the original of the document was unavailable. The request contained a certificate of service showing that a copy had been mailed to appellee on September 8, 1981. No other indication of the original filing time appeared on the transcript copy. Standing alone, the record clearly failed to show the filing of a timely first request under Rule 296, Tex.Rules Civ.Proc. Upon motion to this court, appellant subsequently filed an affidavit executed by a former employee of appellant's counsel, wherein the employee stated that he had personally hand delivered the original first request to the district court clerk for filing on September 8, 1981. He further stated that the district court clerk subsequently could not locate the document in preparing the appellate transcript, and that he personally hand delivered a copy to the clerk on December 17, 1981, which copy and filing date were incorporated into the appellate record. Appellant has not contested such motion or affidavit, and

it will therefore be presumed under Rule 74 and by authority of Rule 429, Tex.Rules Civ.Proc., that the original first request was timely filed.*

■ On appeal, appellant presents one point of error, alleging that the trial court erred in failing to enter findings of fact and conclusions of law. Our attention is immediately drawn to those findings of fact and conclusions of law signed by the trial judge on October 21, 1981, as they appear before us in a supplemental transcript. Such findings were untimely under Rule 297, Tex. Rules Civ.Proc., and were signed after the transcription appeal had been filed with this court. Appellant's sole point of error has become moot, and as no further points of error have been brought forward, no grounds for reversal have been shown. Appellant generally argues in his brief the question of the propriety of the ten-day delay in the trial court's entry of its findings, and the possible harm caused by that action, but the issue is not properly raised by point of error. As no point of error is addressed to the findings themselves, they are properly before us. *Wade v. Anderson*, 602 S.W.2d 347 (Tex.Civ.App.—Beaumont 1980, n.r.e.). No flagrant disregard or gross violation of Rules 296 and 297, Tex.Rules Civ.Proc., is alleged or shown by the trial judge's ten-day delay. *Stefek v. Helvey*, 601 S.W.2d 168 (Tex.Civ.App.—Corpus Christi 1980, n.r.e.). It has been held that an appellate court will consider findings filed after perfection of an appeal where the appellant requested such findings. *City of Corpus Christi v. Lone Star Fish & Oyster Co.*, 335 S.W.2d 621 (Tex.Civ.App.—San Antonio 1960, n.w.h.). This court has previously ruled that even if findings are to be disregarded due to time violations, points of error attacking the merits of the judgment can be addressed where a statement of facts appears in the record. *Morrow v. Morrow*, 387 S.W.2d 480 (Tex.Civ.App.— Houston 1965, n.w.h.).

---

* This presumption is not to be construed as approving, *sub silentio*, the method used by appellant in clarifying the record. Procedures set forth under Rule 77 and Rule 381, Tex.Rules

■ As authority for his position that a court's late filing of findings requires reversal of a judgment, appellant cites the decision of *Waldrop v. Manning*, 507 S.W.2d 626 (Tex.Civ.App.—Texarkana 1973, n.r.e.). In *Waldrop*, the court disapproved of the relaxation of Rules 296 and 297, and held it reversible error for the trial judge to enter findings so late as effectively to cut off the appellant from requesting and securing additional findings. The court noted that Rule 434 would have allowed the court to direct the trial judge to enter additional findings without reversing the judgment, but held that other trial errors required reversal and remand. In refusing writ of error for no reversible error on further appeal, the Supreme Court admonished that its action was not to be interpreted as approving the appellate court's treatment of Rules 296 and 297, or the application of those rules as a basis for reversal and remand, because there had been no complaint or point of error before the court on the issue. *Manning v. King*, 514 S.W.2d 899 (Tex.1974). We also note that in *Waldrop*, the trial court had filed its findings one day before expiration of the time to file the transcript on appeal; here, findings were entered nearly twenty days prior to such expiration date. In light of the clear provisions of Rule 434, we decline to hold it reversible error *per se* for a trial judge to enter findings so belatedly that an appellant is unable to request additional findings. See the recent decision of *Labar v. Cox* (Tex.App.—Corpus Christi, No. 1957, April 1, 1982, not yet reported).

■ A review of applicable Texas law reveals the rule that in order to obtain relief from belated findings, an appellant must either show harm or injury caused by the trial judge's delay or, as under Rule 434, show that such error has prevented him from properly presenting his appeal. Under Rule 434, Tex.Rules Civ.Proc.,

---

Civ.Proc., should be followed in all possible circumstances prior to submission of a case to the courts of appeals.

[I]f the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the [Court of Appeals], and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the [Court of Appeals] shall proceed as if such erroneous action or failure to act had not occurred.

Beginning with the case of *Bostwick v. Bucklin*, 144 Tex. 375, 190 S.W.2d 818 (1945), the provisions of Rule 434 have been held applicable to complaints of late filings of findings of fact and conclusions of law. *Bostwick* held it to be an appellant's burden to demonstrate probable injury or that he was prevented from making a proper presentation of his case on appeal. *Bostwick* was followed in *Joe E. Starks Construction Co. v. G. A. Mallick, Inc.*, 425 S.W.2d 409 (Tex.Civ.App.—Fort Worth 1968, n.w.h.), wherein the record showed that the appellant had been aware of the court's findings nearly one month prior to the filing of appellant's brief. The court held that appellant did not show any harm by the trial judge's twenty-day delay, nor show that such delay prevented proper presentation of his case on appeal.

■ As grounds for application of Rule 434, appellant complains that the delay has prevented him from requesting additional findings of fact and conclusions of law. These, he alleges, are essential to the proper presentation of his appeal in that appellee pleaded and offered evidence on at least five distinct grounds for recovery at trial. Appellant argues that under the decision of *Fraser v. Goldberg*, 552 S.W.2d 592 (Tex. Civ.App.—Beaumont 1977, n.r.e.), an undue burden on appeal is placed upon him as there were five possible grounds for recovery or defense at trial in a factually complicated situation. While *Fraser* supports a position that refusal to enter any findings may necessitate a new trial where two or more grounds for recovery or defense were presented under a complicated fact situa-

tion, an analogy does not follow as to the need for additional findings where adequate findings have narrowed the scope of recovery or defense to a single, consistent theory. In the present case, the trial judge entered findings and conclusions limiting the grounds of recovery to a negligence action. Neither party requested the court to enter specific findings. A trial judge need only enter findings concerning ultimate and controlling issues of fact raised by the pleadings. *Guaranty Bond State Bank v. Tucker*, 462 S.W.2d 398 (Tex.Civ.App.—Dallas 1970, n.r.e.). A request for additional findings will be overruled where such requested findings were resolved by the court against movant's contentions, either expressly or by necessary implication in support of the judgment and evidence. *O'Fiel v. First National Bank of Beaumont*, 152 S.W.2d 475 (Tex.Civ.App.—Beaumont 1941, error dism'd, judg. corr.). Where a trial court does not enter a finding or conclusion regarding a certain pleaded ground of recovery or defense, it will be presumed under Rule 299, Tex.Rules Civ.Proc., that the issue was decided in accordance with the judgment and that movant did not meet the burden of proving that issue. See *Strange v. Treasure City*, 608 S.W.2d 604 (Tex.1980); *Radford v. Garza*, 586 S.W.2d 656 (Tex.Civ. App.—Corpus Christi 1979, n.w.h.).

■ Under the argument presented by appellant and in light of the particular facts involved, it would be difficult to conclude that appellant's inability to obtain supplemental findings of the nature that he has raised has prevented proper presentation of his case on appeal. Appellant was clearly aware of the belated findings prior to the filing of his brief, and has presented no point of error attacking the merits of the judgment or the findings. See *Labar; Waldrop*. Nonetheless, we have addressed appellant's argued and briefed complaint under the authority of Rules 1, 418(d)—(e) and 422, Tex.Rules Civ.Proc., and find merit to appellant's request for relief under Rule 434. The trial court was clearly in error in entering late findings such that appellant was denied his right to request additional findings of fact and conclusions of law.

Appellant is hereby directed to file with the trial court his request for specific further, additional or amended findings under Rule 298 no later than June 14, 1982, and the trial court is hereby directed to proceed with such request pursuant to Rule 298 as in any other case without regard to this appeal. After final action on such findings, the same shall be filed in our court by supplemental transcript, and the time for filing appellant's brief shall begin to run at the time such supplemental transcript is filed. This appeal is hereby ordered abated, pending compliance with the directive herein.

