Hans A. WAGNER and Theresa A. Wagner, Appellants,

v.

GMAC MORTGAGE CORPORATION OF IOWA, Appellee.

No. 01–88–00661–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 1989.

Glendon B. Adams, Stafford, for appellants.

Kevin H. George, David K. Lawrence, Eikenburg & Stiles, Houston, for appellee.

Before O'CONNOR, WARREN and COHEN, JJ.

O'CONNOR, Justice.

GMAC Mortgage Corporation of Iowa (GMAC) sued Hans and Theresa Wagner to regain possession of property the Wagners occupied and to recover damages. After a trial to the bench, the trial court entered judgment restoring the property to GMAC and awarding GMAC rent for the time the Wagners were tenants by sufferance.

## I. PRELIMINARY PROCEDURAL ISSUES

### A. The findings of fact

GMAC argues this Court must look only to a limited record in considering this appeal. First, GMAC asserts the trial court's findings of fact are not before this Court because the trial court signed them after the time limits prescribed by the rules.

Under Tex.R.Civ.P. 296, a party must file a request for findings of fact within 10 days after the trial court signs the final judgment. Rule 297 states that, if requested, the trial court must make findings and file them within 30 days after signing the judgment. If the trial court does not make the findings by that date, rule 297 permits the requesting party to make a second request within five days after the time for filing them expires. When the parties file a second request, rule 297 gives the trial court an additional five days to file the findings. The rules give the trial court a maximum of 40 days to file the findings if the party makes both the first and second requests.

In this case, the trial court signed the final judgment on May 26, 1988. On June 3, 1988, the Wagners asked the trial court to make findings, within the 10 days. The 30 days to file the findings expired on Saturday, June 25, 1988, so the due date to file the findings was Monday, June 27. Tex.R.Civ.P. 4. The last day for filing the second request was Saturday, July 2, so, again, the due date moved to the next day that is not a Saturday, Sunday, or legal holiday. The second request was due on Tuesday, July 5, 1988. The trial court had an additional five days after the second request to file the findings of fact. The fifth day fell on Sunday, July 10, so the trial court could have filed the findings as late as Monday, July 11. See Tex.R.Civ.P. 4, 296, and 297. The Wagners filed their

second request on July 15, 1988, 10 days after the deadline for filing the reminder. *See* Tex.R.Civ.P. 297. The trial court signed and filed findings of fact on July 15, 1988, only four days after the latest possible deadline.

In support of its argument, GMAC cites *Stefek v. Helvey*, 601 S.W.2d 168, 170 (Tex. App.—Corpus Christi 1980, writ ref'd n.r. e.). In *Stefek*, the appellate court refused to consider the findings of facts because the appellant did not try to comply with the rules. *Id.* In that case, the appellant filed his first request six days late and his reminder 80 days after the transcript was due in the appellate court. *Id.* The court noted that minor infractions are permissible under the interpretation of the rules:

It is apparent that the timetables set out by Rules 296 and 297 are flexible if there is no gross violation of the filing dates and no party is prejudiced by the late filing.

*Id.*

Although the Wagners did not strictly follow the rules in making their requests, GMAC has not shown any harm from the late filing. The findings are part of the record on appeal and are properly before this Court.

### B. The statement of facts

GMAC also points out that the statement of facts is not before this Court because we denied a motion to extend time to file it. The rules place the burden on appellants to file the statement of facts in this Court. Tex.R.App.P. 53(k); *Collins v. Williamson Printing Corp.*, 746 S.W.2d 489, 490–91 (Tex.App.—Dallas 1988, no writ). Although the Wagners filed the statement of facts, we may not consider it in this appeal. Tex.R.App.P. 54(a); *Khatib v. Miloud*, 701 S.W.2d 948, 949 n. 1 (Tex.App.—Fort Worth 1982, no writ).

## II. THE SUBSTANTIVE ISSUE FOR APPEAL

### A. Contractual notice

█ The Wagners contend the trial court erred in granting GMAC possession of the property because they did not receive proper notice of the assignment of their mortgage to GMAC. They argue under the terms of their mortgage, notice by certified mail is a condition precedent to a valid assignment of their mortgage.

The Wagners direct this Court to the notice provisions in paragraphs 13 and 14 and the due on sale clauses in paragraphs 16–19 in the deed of trust. Nothing in those paragraphs, or in any other part of the deed of trust, require the lender to give notice of an assignment of the mortgage.

The Wagners contend paragraphs 13 and 14, which require them to give notice to the lender if they sell the property, imply a duty on the lender to give notice of assignment. They cite no authority for their arguments, and we are not persuaded.

### B. Public policy reasons for notice

The Wagners also argue that public policy requires that they receive notice of assignment to prevent consumer fraud and deception. The only authority the Wagners cite is *BarclaysAmerican/Business Credit, Inc. v. E & E Enterprises, Inc.*, 697 S.W.2d 694 (Tex.App.—Dallas 1985, no writ). We agree with GMAC that this authority does not alter the result in this case. *Barclays* involved a suit on an account that the creditor assigned to a third party. The court held that the assignee's rights to the account are subject to any defenses that arise before the debtor receives notice of the assignment. *Id.* at 700. Even if we apply the same protections to the Wagners, they do not invalidate the assignment in this case or establish a greater right of possession.

According to their brief, the Wagners deliberately defaulted in their mortgage payments after a dispute over renegotiation of the mortgage. The Wagners argue "it is totally impossible for them to protect themselves against fraud by the servicing company" if the mortgage can be assigned without notice.

The law protects the Wagners from accidentally paying the wrong party. When a mortgage is assigned to another party, a payment made in good faith without notice

of the assignment to the original creditor operates as a defense to a suit by the assignee. *Buffalo Pipeline Co. v. Bell,* 694 S.W.2d 592, 596 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The law requires notice of assignment to prevent a debtor from asserting defenses, but absence of notice does not invalidate the assignment.

The Wagners admit in their brief that they defaulted on the mortgage. They did not assert any defenses in the trial court or establish a greater right of possession to the property. The Wagners do not cite any case supporting their proposition that an assignment without notice gives them a greater right to possession.

We overrule the point of error and affirm the judgment of the trial court.