# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00143-CV

**Cynthia J. Lee, Appellant**

v.

**Timothy M. Novak, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. 98-07468, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING

Cynthia Lee appeals from a final decree of divorce that included a property division order and a possession order relating to her daughter. In nine points of error, Lee complains about the district court's late-filed findings of fact and conclusions of law and contends that the evidence is insufficient to support the property division and possession orders. We affirm the decree.

### Background

Cynthia Lee and Timothy Novak were married on February 14, 1995. They separated on June 1, 1998. The couple has one daughter, A.M.N., who was three years old at the time of trial. Lee is a practicing physician in Austin and Novak is an artist.

On December 13, 1999, after a seven-day bench trial, the district court signed a divorce decree that ordered, *inter alia*: (1) Lee and Novak joint managing conservators of A.M.N.; (2) Lee had the right to establish A.M.N.'s primary residence in Travis County; (3) the parties' possession rights regarding A.M.N.; (4) Novak to pay Lee $300 per month for child support; (5) Lee

to provide medical care for A.M.N. while in her possession and Lee to pay fifty percent of medical care not covered by insurance that A.M.N. requires while in Novak's possession; and (6) that during their marriage the parties had accumulated retirement funds of $80,087.94.

On December 27, Lee requested that the district court make findings of fact and conclusions of law. On January 12, 2000, Lee filed a motion for new trial. On January 24, she also filed a reminder to the court to file findings of fact and conclusions of law. On February 25, Lee perfected an appeal despite the fact that the district court had not yet filed findings of fact and conclusions of law. Finally, on February 28, the district court filed its findings of fact and conclusions of law. There was no request by either party for the district court to file additional findings of fact and conclusions of law.

**Discussion**

*Findings of Fact and Conclusions of Law*

In issues one through four, Lee complains about the district court's late-filed findings of fact and conclusions of law. Specifically, she contends that the district court's failure to timely file findings of fact was harmful because the late filing deprived her of an opportunity to object or request additional findings. Additionally, she complains that the district court omitted several "controlling issues" in its findings of fact and, consequently, Lee is unable to properly appeal the actions of the district court regarding several aspects of the property division.

Lee filed a proper request for findings of fact and conclusions of law within twenty days after the final judgment was signed. Tex. R. App. P. 296. When the district court did not file findings of fact and conclusions of law within twenty days of her request, Lee filed a proper notice

2

of past due findings of fact and conclusions of law thereby extending the district court's time to file its findings and conclusions to forty days from the date the original request was filed. Tex. R. App. P. 297. As a result, the district court's findings and conclusions were due to be filed on February 7.[1] On February 25, Lee filed her notice of appeal despite the fact that the district court had not yet filed findings of fact and conclusions of law. Finally, on February 28, the district court filed its findings of fact and conclusions of law.[2] Neither party requested that the district court make additional, specific, or amended findings of fact and conclusions of law. Tex. R. Civ. P. 298.

Lee, citing *Tenery v. Tenery*, contends that because the district court filed its original findings of fact and conclusions of law late, she is entitled to a presumption of harm, a reversal of the decree, and a remand of the case to the district court for a new trial. 932 S.W.2d 29, 30 (Tex. 1996). We hold that *Tenery* does not apply to the facts before us. The court in *Tenery* found harm *only* when the trial court completely failed to file *any* findings of fact and conclusions of law *and* the record failed to show that the complaining party suffered no harm. *Id.* Here, the district court did not completely fail to file findings and conclusions; rather, the district court filed its findings and conclusions late.

Despite the time limits in the rules of civil procedure, nothing expressly prevents a trial court from filing original findings and conclusions late. *Robles v. Robles*, 965 S.W.2d 605, 611 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Jefferson County Drainage Dist. No. 6 v. Lower*

---

[1]    The fortieth day from the filing date of the original request for findings of fact fell on Saturday, February 5, 2000.

[2]    Although this is a divorce case and the district court will have continuing jurisdiction, we note that on March 27, the district court's plenary power expired. Tex. R. Civ. P. 329b(e).

*Neches Valley Auth.*, 876 S.W.2d 940, 959-60 (Tex. App.—Beaumont 1994, writ denied); *Morrison v. Morrison*, 713 S.W.2d 377, 380-81 (Tex. App.—Dallas 1986, writ dism'd). Indeed, the failure of a trial court to file findings and conclusions is often a remedial error and the appellate court may abate an appeal and remand the case to the trial court to make findings. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). A trial court's late filing of findings of fact and conclusions of law is not reversible error unless the complaining party shows that the error caused harm. *Robles*, 965 S.W.2d at 611.

Lee contends that she was harmed because "as a consequence of the Trial Court's filing of the Findings of Fact and Conclusions of Law subsequent to her perfection of appeal, she was effectively and practically deprived of the opportunity to request additional Findings of Fact and Conclusions of Law and avoid[] any presumptions regarding unrequested elements."

Within ten days after a trial court files its original findings and conclusions, any party may request specific, additional or amended findings or conclusions and a trial court may file them.[3] Tex. R. Civ. P. 298. The failure to request additional findings of fact and conclusions of law constitutes a waiver on appeal of the trial court's lack of such findings and conclusions. *Robles*, 965 S.W.2d at 611 (citing *Keith v. Keith*, 763 S.W.2d 950, 953 (Tex. App.—Fort Worth 1989, no writ)).

The clerk's record does not contain any request by Lee to have the district court make additional findings or conclusions. Moreover, neither party has asked this Court for remedial

---

[3] A trial court may file additional findings even after it loses plenary power to affect the judgment. *Morrison v. Morrison*, 713 S.W.2d 377, 380-81 (Tex. App.—Dallas 1986, writ dism'd). We note that the plenary power here would have expired March 27, 2000, well after the time the district court filed its findings and conclusions on February 28, 2000.

relief—to abate the appeal in order for the trial court to make additional findings or conclusions. Neither the district court nor this Court has denied Lee a request that the district court make additional findings and conclusions. Rather, Lee failed to ask the district court for additional findings or ask this Court to abate the appeal while she requested that the district court make additional findings of fact and conclusions of law.

Lee suggests that the facts before us are similar to those in *Associates Development Corp. v. Air Control Products, Inc*., 392 S.W.2d 542 (Tex. App.—Austin 1965, writ ref'd n.r.e.). In that case, Associates requested findings of fact and conclusions of law within the time limit described by rule 296 of the Texas Rules of Civil Procedure. After the district court failed to timely file findings and conclusions, Associates failed to comply with rule 297 and did not timely remind the court to make findings and conclusions. The court held that due to Associates' failure to file a reminder, it no longer had the right to complain about the district court's failure to file findings and conclusions. The trial court nevertheless filed findings and conclusions. There was, however, insufficient time available under rule 298 to request additional findings or conclusions. *Id.* at 544. Because of the time constraints, the appellate court reviewed the case as if no findings or conclusions had been requested, made or filed. *Id.*

Not only are the facts here different than those in *Associates Development* but there now exist rules of appellate procedure that provide clerk's records may be supplemented as the appellate court deems necessary. Tex. R. App. P. 34(c). The issue of timeliness in filing the clerk's

5

record is not as crucial now as it was under the rules that existed when the *Associates Development* case was decided.[4]

We hold that Lee failed to request additional findings and has not been deprived by either the district court or this Court of an opportunity to request additional findings. Additionally, we hold that because the district court filed its findings of fact and conclusions of law well before the clerk's record and Lee's brief were due in this Court, the district court's late filing of its findings of fact and conclusions of law did not deprive Lee of her ability to properly present her case on appeal. Tex. R. App. P. 44.1(a)(2). Lee's first issue is overruled.

Regarding Lee's second through fourth issues, the failure to file a timely request for additional or amended findings and conclusions waives any complaint that the original findings are incomplete. *Thomas v. Casale*, 924 S.W.2d 433, 437 (Tex. App.—Fort Worth 1996, writ denied). The district court's unchallenged findings are binding on the appellate court "unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *Id.* (quoting *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986)). We hold that by failing to request specific, additional or amended findings of fact, Lee has waived her complaints about the district court's omission of controlling issues in its findings. Issues two, three and four are overruled.

---

[4] This case is also distinguishable from *Stefek v. Helvey*, 601 S.W.2d 168 (Tex. Civ. App.—Corpus Christi 1980, writ ref'd n.r.e.). *Stefek* also involved late-filed findings of fact and conclusions of law. In *Stefek*, the initial request for findings was made six days late. The trial judge, nevertheless, filed findings and conclusions 80 days after the transcript was due in the court of appeals. The moving party did not make a second request after the trial court filed its original findings. On appeal, the *Stefek* court disregarded the district court's findings and conclusions holding that the rules governing the filing dates were "grossly" violated. *Id.* at 170-71.

6

***Property Division and Possession Issues***

Lee contends in her fifth issue that legally and factually insufficient evidence supports the district court's finding that during the marriage Lee and Novak acquired retirement funds in the amount of $80,087.94. Further, Lee contends that, therefore, the district court erred in awarding Novak $40,043.97 out of her retirement benefits. Lee contends that in reaching the sum of $80,087.94, the district court calculated the difference between the opening balance of the retirement account at the date of marriage and the closing balance at the date of trial and concluded that the gain constituted community property. Lee argues that this method of determining the award was materially inconsistent with her tracing proof which Novak did not rebut.

In a decree of divorce, the court is to order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. Tex. Fam. Code Ann. § 7.001 (West 1998). The trial court has broad discretion in dividing the marital estate. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). On appeal, we presume the trial court used its discretion properly and will reverse the cause only where the trial court clearly abused its discretion. *Id.* A clear abuse of discretion is shown only if the division of the property is manifestly unjust and unfair. *Id.*

When we review a challenge to the legal sufficiency of the evidence, we consider only the evidence and inferences tending to support the trial court's findings and disregard all evidence and inferences to the contrary. *Smith v. Smith*, 22 S.W.3d 140, 143 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (citing *Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex. 1992)). In reviewing the factual sufficiency of the evidence, we must consider and weigh all the evidence and should set aside

the judgment only if that judgment is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We review fact findings in a bench trial for legal and factual sufficiency of the evidence by the same standards used in reviewing evidence supporting a jury's verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).

Initially, we address Lee's contention that insufficient evidence supports the district court's determination that $80,087.94 in retirement funds was community property.

As a general rule, property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West 1998). To establish that property is separate property, the party asserting such a claim must show the separate character of the property by clear and convincing evidence, which is that degree of proof that will produce in the mind of the trier of fact a firm belief or conviction about the allegations sought to be established. *Id.* § 101.007 (West 1996). To overcome the community-property presumption, the spouse claiming certain property as her separate property must trace and clearly identify the property claimed to be separate. *McElwee v. McElwee,* 911 S.W.2d 182, 189 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained possession of the property. *Hilliard v. Hilliard*, 725 S.W.2d 722, 723 (Tex. App.—Dallas 1985, no writ).

At issue is Lee's claim that insufficient evidence supports the district court's determination that $80,087.94 of her retirement funds were community property. Retirement benefits

8

resulting from employment during marriage are community property subject to division between the husband and wife in the event of a divorce. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970).

In Lee's initial brief, she first contends that she is unable to discern how the district court determined that the community estate had an interest in the retirement accounts in the amount of $80,087.94. Later, in her reply brief, Lee states, "it appears that the trial court did nothing more than to take the difference between the opening balance of the retirement account and the closing balance at the time of trial on the merits with the conclusion that the gain constituted community property."

In reviewing the reporter's record, we find that the district court painstakingly evaluated the records relating to Lee's retirement accounts. Rather than have a Certified Public Accountant testify about the retirement benefits and sufficiently trace the funds, Lee prepared and submitted as evidence conclusory summaries along with hundreds of pages of statements of accounts and then asserted that she had properly traced the retirement funds. We hold that the district court did not abuse its discretion in characterizing the retirement benefits earned during marriage or in determining the community portion of retirement benefits by taking the difference between the opening balance at the date of marriage and the closing balance as of the date of divorce. This method is acceptable in calculating the community portion of the retirement benefits. *Pelzig v. Berkebile*, 931 S.W.2d 398, 402 (Tex. App.—Corpus Christi 1996, no writ). The $80,087.94 was properly considered as income to Lee during the marriage along with the interest on the accumulated funds that accrued during marriage, both of which qualify as community property. *Id.* We find no

9

abuse of discretion in the trial court's determination that $80,087.94 was the community estate's interest in Lee's retirement funds. Lee's fifth issue is overruled.

Lee complains in her sixth and seventh issues about the district court's order related to the payment of medical care expenses for A.M.N. Lee complains about the following district court finding:

8. The Court finds that, due to a special circumstances of the conservators, i.e., that [Lee] is a licensed physician in general practice in the State of Texas, it is in the best interests [sic] that [Lee] provide medical care for the child. The Court further finds that it is in the best interest of the child for [Lee] and [Novak] to each be responsible for 50% of the costs of any medical care provided by [Novak] during his periods of possession.

Lee contends that this order is "patently arbitrary" and without any support. Lee contends that insufficient evidence exists to support the district court's deviation from the model provided in section 154.082 for ordering medical insurance coverage for a child of divorcing parents. Tex. Fam. Code Ann. § 154.082(b) (West Supp. 2001). Additionally, she contends that this order excuses Novak from the standard obligation in Texas. Finally, she contends that this order is not in the best interest of A.M.N.

The court may order either or both parents to support a child in the manner specified by the order. Tex. Fam. Code Ann. § 154.001(a) (West Supp. 2001). Additionally, subchapter D of section 154 addresses more specifically medical support for the child. Lee refers to section 154.182 in subchapter D titled "Health Insurance." *Id*. § 154.182 (West Supp. 2001). This section provides that "in determining the manner in which health insurance for the child is to be ordered, the court shall render its order in accordance with the following priorities, unless a party shows good

10

cause why a particular order would not be in the best interest of the child." *Id.* § 154.182(b). Lee contends that Novak submitted no evidence to show good cause why the district court should have deviated from the model set out in section 154.182(b).

The section Lee contends should apply addresses health insurance which is not what is at issue. In fact, there is no mention of medical insurance in the portion of the order about which Lee complains. The portion Lee complains about requires her to pay one-half of A.M.N.'s medical care expenses while the child is in Novak's care. Even so, we hold that the district court did not abuse its discretion in ordering Lee to pay for one-half of any medical care expenses A.M.N. requires while in Novak's care. The record reflects that Lee is a practicing physician, actively engaged in a general family practice, and that her income is several times that of Novak's. We hold that under these circumstances there is evidence of good cause for the district court to deviate from the standard provisions of Family Code section 154.082 relating to health insurance. We find no abuse of discretion regarding the district court's order requiring Lee to pay one-half of A.M.N.'s medical care expenses she incurs while in Novak's care. Lee's sixth and seventh issues are overruled.

In her eighth issue Lee contends the following,

> the Final Decree of Divorce is inconsistent with paragraph 5 of the Findings of Fact contained in Respondent's Proposed Findings of Fact and Conclusions of Law signed by the Court by omitting the grant to Lee of the rights and duties of parent appointed Sole Managing Conservator as provided in Tex. Fam. Code Ann. § 153.132.

Lee argues that this Court should reform the final divorce decree to be consistent with the proof and the district court's finding and grant to Lee the rights and duties of a parent appointed under section 153.132.

11

The district court appointed Lee a joint managing conservator as she requested in her original petition. In the decree, under the section subtitled "Other Rights and Duties of Petitioner," the district court specifically set out Lee's rights which *are* consistent with those in the court's paragraph five of the findings of fact. We hold that the decree and paragraph five of the district court's findings are not inconsistent and reformation of the decree is not necessary. Lee's eighth issue is overruled.

In her ninth issue, Lee contends that the district court abused its discretion in determining Novak's terms of possession of A.M.N. The district court ordered Novak's possession of A.M.N. to include, *inter alia*: (1) weekends of the first, third, and fifth weeks beginning at the time the child's school is regularly dismissed on Thursdays of those weeks and ending at the time the school resumes after the weekend and (2) Thursdays of the second and fourth week of the month beginning when school is regularly dismissed and ending when the child's school resumes on Friday.

Specifically, Lee contends that the district court erred in awarding Novak midweek visitation on the second and fourth Thursdays of each month. She argues that the district court should only have ordered that Novak's possession begin on Thursday of the first, third, and fifth weeks and continue through those weekends. She asks this Court to modify the decree and delete Novak's right to any possession of his daughter during the second and fourth weeks of each month. Lee contends that such a modification would then render the decree consistent with the recommendation of the counselor that testified at trial about a possession and visitation schedule that was in A.M.N.'s best interest.

Contrary to Lee's contention on appeal, at trial the counselor recommended that until A.M.N. starts kindergarten she should reside in the care of her father for three days a week and in the care of her mother for four days a week. The counselor stated that he was very concerned that the child maintain her close relationship with her father and that the relationship be promoted, fostered and not interrupted. Eliminating Novak's second and fourth Thursday visitation would significantly reduce the child's contact with her father. It would mean that ten days would pass between visits with her father. We hold that the district court did not abuse its discretion in ordering that Novak have the right to possession of A.M.N. on the second and fourth Thursday of the month. Lee's ninth point of error is overruled.

### Conclusion

Having overruled all of Lee's issues on appeal, we affirm the decree.

_____

Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 19, 2001

13

Do Not Publish