**The ROBERTS CORPORATION, Appellant,**

**v.**

**The AUSTIN COMPANY, Appellee.**

**No. 688.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 1, 1972.

Rehearing Denied Nov. 29, 1972.

George M. Elliott, Elliott, Meer, Vetter, Denton, Bates & Cole, Dallas, for appellant.

Earl Luna, Luna & Jackson, Dallas, Arter & Hadden, Cleveland, Ohio, for appellee.

BARRON, Justice.

This is a suit against a foreign corporation to recover damages for breach of a construction subcontract. The defendant, The Roberts Corporation, was served with citation by service on the Secretary of State of Texas in attempted compliance with Vernon's Tex.Rev.Civ.Stat.Ann. art. 2031b, sec. 3 (1959). That statute provides in pertinent part as follows:

"Any foreign corporation . . . that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and *does not maintain a place of regular business in this State or a designated agent upon whom service may be made* upon causes of action arising out of such business done in this State, the act or acts of engaging in such business

within this State shall be deemed equivalent to an appointment by such foreign corporation . . . of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceeding arising out of such business done in this State, wherein such corporation . . . is a party or is to be made a party." . (Emphasis added.) Default judgment was entered in favor of the plaintiff, The Austin Company, after the defendant failed to answer within the allotted time. The defendant has perfected this appeal following the overruling of its motion for new trial.

The appellant contends in this Court that the trial court " . . . erred in rendering Default Judgment for Plaintiff for the reason the mode of service of process was inadequate to confer jurisdiction of the Trial Court." We think this contention is correct.

■ In order to utilize the provisions of Article 2031b, certain allegations must appear in the plaintiff's petition. These allegations are the jurisdictional facts which establish that the "long arm" jurisdiction of the Texas Courts is available. In its attempt to comply with the statute, the appellee in this case alleged that the appellant "is a New Mexico corporation that does not have a permit to transact business in the State of Texas". Further it alleged that the appellant "has been transacting business in the state of Texas . . . and does not have a registered agent upon whom service may be perfected in this cause and, under Article 2031b, Section 3 et seq., V.A. T.C., the Secretary of State of the State of Texas is the agent for the service of process upon it." However there is no allegation that the appellant "does not maintain a place of regular business in this State." This same pleading error occurred in Woodcock, Cummings, Taylor & French v. Crosswell, 468 S.W.2d 864 (Tex.Civ.App.— Houston (1st Dist.) 1971, no writ). The Court, in reversing the default judgment in

that case, relied upon the reasoning in McKanna v. Edgar, 388 S.W.2d 927 (Tex. Sup.1965). In McKanna, the Supreme Court held that resort to Section 3 of Article 2031b is permitted only if Section 2 of the statute is not available. See also Counts, More on Rule 120a, 28 Tex.B.J. 95, 96, 137 (1965). Section 2 of Article 2031b, Tex.Rev.Civ.Stat.Ann. provides that service may be had on a non-resident defendant engaged in business in this state, by "serving a copy of the process with the person who, at the time of the service, is in charge of any business in which the defendant or defendants are engaged . . . ". Thus, it is imperative that the plaintiff's petition contain an allegation that the defendant "does not maintain a place of regular business in this State" as well as an allegation that there is no "designated agent upon whom service may be made" in order to negative the possible applicability of Section 2.

■ Furthermore, we cannot simply infer that appellant does not maintain a place of regular business in Texas. "While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment." McKanna v. Edgar, supra, at 929. This same rule applies to inferences of jurisdictional facts in a direct attack. McKanna, supra. Therefore, as it does not appear on the face of the record that the appellant does not maintain a place of regular business in Texas, appellee is not entitled to resort to Section 3 of Article 2031b.

As the trial court was without jurisdiction to enter the default judgment because of the above mentioned error, we need not consider the appellant's other points of error.

The judgment of the trial court is reversed and remanded for a new trial.