**JAMES EDMOND, INC., Appellant,**

v.

**Earl SCHILLING, Appellee.**

**No. 5287.**

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1973.

---

Durant, Mankoff, Davis & Wolens (C. Shwiff, Galloway & Noe (Marvin G. Shwiff), Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This cause is before us on petition for writ of error to a $14,000. default judgment rendered against petitioner in suit for asserted commissions due plus attorney's fees.

Plaintiff Schilling sued defendant Edmond, Inc., for $14,000. plus $5,000. attorney's fees for commissions assertedly due plaintiff for selling merchandise for defendant. Plaintiff served, or attempted to serve defendant by serving the Secretary of State of Texas under Article 2031b Vernon's Ann.Tex.Civ.St. The Secretary of State in turn forwarded the citation to defendant by certified mail, and it was returned "Refused". Defendant did not appear in the trial court in person or by attorney. Default judgment was rendered by the trial court against defendant for $10,500. commissions, and $3,500. for attorney's fees.

Defendant perfected its appeal by writ of error and relies on 6 points of error contending among other things:

1) The trial court erred in rendering default judgment against defendant in that there is nothing in the record which alleges or proves defendant is a foreign corporation subject to service of process under Article 2031b.

2) The trial court erred in rendering default judgment against defendant in that there is nothing in the record which alleges or proves defendant does not have a place of business in Texas, and thus subject to service of process under Article 2031b.

3) There is no record of any evidence which supports the unverified jurisdictional allegations of plaintiff or the judgment for commissions and attorney's fees.

We revert to contention 1 and 2 above.

Section 2, Article 2031b provides: "When any foreign corporation * * * shall engage in business in this State * * * service may be made by serving a copy of the process with the person who * * * is in charge of any business in which defendant [is] engaged * * *".

Section 3, Article 2031b provides: "Any foreign corporation * * * that engages in business in this State * * * and does not maintain a place of regular business in this State or a designated agent upon whom service may be made * * * the act or acts of engaging in such business * * * shall be deemed equivalent to an appointment * * * of the Secretary of State of Texas as agent upon whom service of process may be made * * *".

Plaintiff did not allege that defendant was a "foreign corporation"; and did not allege that it "does not maintain a place of regular business in this State"; and there is no evidence or finding that defendant is a foreign corporation, or that it did not maintain a place of regular business in this State.

Where service is under Article 2031b (substituted service of process) it is imperative that the record affirmatively show a strict compliance with the provided mode of service. And while ordinarily presumptions are made in support of a judgment (including presumptions of due

service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment. McKanna v. Edgar, Tex.Sup., 388 S.W.2d 927; Roberts Corp. v. Austin Co., CCA, NRE, 487 S.W.2d 165.

Thus plaintiff's petition must contain an allegation that defendant is a "foreign corporation"; as well as allegation that defendant "does not maintain a place or regular business in this State" in order to negative the possible applicability of section 2; and there must be proof in the record of such allegations.

Contention 3 asserts there is no record of any evidence which supports the jurisdictional allegations of plaintiff or the judgment for commissions and attorney's fees.

■ Defendant has the burden to bring forward a statement of facts, and ordinarily in the absence of a statement of facts we must presume the evidence adduced supports the judgment. Ehrhardt v. Ehrhardt, CCA, Er. Ref., 368 S.W.2d 37; and when the complaint is that the evidence is legally or factually insufficient to support the judgment the burden cannot be discharged in the absence of a statement of facts. Englander v. Kennedy, Tex.Sup., 428 S.W.2d 806.

There is no statement of facts in this case; and both briefs state that there was no court reporter present in the case; thus there can be no question and answer statement of facts.

■ Defendant is entitled to a statement of facts in question and answer form, and if, through no fault of his own, he is unable to procure such a statement of facts, his right to have the cause reviewed on appeal can be preserved to him in no other way than a reversal and retrial of the case. Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697; Kirby Lbr. Corp. v. Overstreet, CCA, NWH, 262 S.W.2d 805.

Plaintiff asserts there is no showing defendant has requested a statement of facts; that the Judge can prepare a statement of facts in narrative form; and that defendant has not shown an impossibility of obtaining a statement of facts in narrative or other form from the court below.

Since there was no court reporter present at the trial, it is obvious defendant cannot obtain a statement of facts which would enable this court to review the evidence and determine its sufficiency to support the judgment. Pacific Greyhound Lines v. Burgess, CCA, Er. Ref., 118 S.W.2d 1100; Strode v. Srygley, CCA, NRE, 342 S.W.2d 638; Spencer v. Texas Factors, Inc., CCA, NRE, 366 S.W.2d 699; Waller v. O'Rear, CCA, NRE, 472 S.W.2d 789.

All defendant's contentions, supra, are sustained.

Reversed and remanded.