William D. OLSON, Appellant,

v.

SUCCESS MOTIVATION INSTITUTE, INC., Appellee.

No. 5440.

Court of Civil Appeals of Texas, Waco.

Sept. 25, 1975.

Rehearing Denied Oct. 16, 1975.

Beard & Kultgen, M. Frank Beard, Waco, for appellant.

Dunnam, Dunnam & Dunnam, Fred Horner, Waco, for appellee.

HALL, Justice.

This is a suit upon a foreign judgment. The judgment was obtained by William D. Olson against Success Motivation Institute, Inc., a Texas Corporation (hereinafter called "SMI"), by default, in the Circuit Court of Columbia County, Wisconsin, on September 2, 1965. It awarded a recovery of $9,934.75.

Olson filed this suit against SMI on January 13, 1967, in a District Court in McLennan County, Texas. He pleaded the foreign judgment, alleged that it had not been paid, and prayed for a recovery of the amount then due, alleged to be $9,934.75 and costs. After a hearing on January 8, 1975, without a jury, judgment was rendered on February 4, 1975, that Olson take nothing. He appeals. We reverse.

The two grounds pleaded by SMI in defense of this suit, by way of an amended answer, are (1) that the Wisconsin court lacked jurisdiction and the judgment is therefore void; and (2) that the foreign judgment was "barred and incapable of being enforced by virtue of article 272.04 of the Wisconsin laws." The trial court based its judgment upon both grounds, and filed findings of fact and conclusions of law in support thereof.

Findings and conclusions were made to the effect that the record does not affirmatively show that certain Wisconsin statutes jurisdictional to the suit upon which the foreign judgment is based, including the Wisconsin "long-arm" statute, were complied with; and that, accordingly, the judgment is void. By appropriate points of error, these findings and conclusions are challenged by Olson.

■ The Wisconsin judgment appears to be a valid, final and subsisting judgment rendered by a court of general jurisdiction. Its introduction into evidence made a prima facie case for appellant, and cast upon SMI the burden of establishing that the Wisconsin Court was without jurisdiction or that the judgment was otherwise void. *Garman v. Reynolds*, (Tex.Civ.App., Fort Worth,

1955, writ ref.) 284 S.W.2d 262, 264. The fact that SMI filed no answer and made no appearance in the Wisconsin suit does not change the rule on a collateral attack such as this. *Mitchim v. Mitchim*, (Tex., 1975) 518 S.W.2d 362.

■ We have carefully searched the record and we find no evidence to support a determination that the Wisconsin court lacked jurisdiction. To the contrary, the only evidence on the question shows that the Wisconsin statutes were complied with. Olson's complaints about the factual insufficiency of the evidence in these respects are therefore immaterial.

On the trial, the parties stipulated that, at all pertinent times, Article 272.04 of the Statutes of the State of Wisconsin provided in part as follows:

"272.04 Execution, when issued. (1) Upon any judgment of a court of record . . . execution may issue at any time within 5 years after the rendition thereof, and when an execution shall have been so issued and returned unsatisfied in whole or in part other executions may issue at any time upon application of the judgment creditor. But if no execution was issued within said 5 years, or, if application be made by one other than the judgment creditor, execution shall issue only upon leave of the court, in its discretion, upon prior notice to the judgment debtor . . . but no execution shall issue or any proceedings be had upon any judgment after 20 years from the rendition thereof."

Additionally, the parties stipulated that the foreign judgment was rendered in a court of record, and that no execution has been obtained or attempted upon it.

The trial court expressly found that execution was not issued on the foreign judgment within five years after it was rendered, in keeping with the parties' stipulation, and then concluded that the judgment, if valid, "is presently barred, dormant and unenforcible by virtue of Article 272.04 of

the Wisconsin Statutes and Article [5530] of the Revised Civil Statutes of the State of Texas since no execution was issued within five years after the rendition thereof."

Insofar as it relates to our problem, Article 5530, Vernon's Tex.Civ.St., provides as follows:

"Every action upon a judgment or decree rendered in any other State . . shall be barred, if by the laws of such State . . . such action would there be barred, and the judgment or decree be incapable of being otherwise enforced there . . ."

 Article 5530 is concerned with, and deals only with, the time the suit is brought on the foreign judgment, and not with the time of the hearing on the suit or the time of rendition of judgment thereon. *Ferguson-McKinney Dry Goods Co. v. Garrett,* (Tex.Com.App., 1923) 252 S.W. 738, 740; *Schluter v. Sell,* (Tex.Civ.App., 1946, no writ hist.) 194 S.W.2d 125, 129–130. An action is "commenced," "prosecuted," and "brought" in Texas, within the meaning of limitation statutes, when a plaintiff both files his petition and exercises due diligence to have process issued and served on the defendant. *Owen v. City of Eastland,* 124 Tex. 419, 78 S.W.2d 178, 179 (1935).

The Wisconsin judgment was rendered on September 2, 1965. This suit on the judgment was filed by Olson on January 13, 1967. Six days later, on January 19, 1967, SMI filed its original answer. These facts, undisputed in the record, establish as a matter of law that the requisites set forth in the *Owens* case, ante, for bringing a suit were met, and no issue is raised by the parties in this regard.

 At the time this suit was brought, the foreign judgment was less than 17-months old and was not dormant, barred nor unenforceable under the five-year limitation statute in question. The bringing of suit before the expiration of the statutory period interrupts the running of a statute of limitation. *Curtis v. Speck,* (Tex.Civ.

App., Galveston, 1939, writ ref.) 130 S.W.2d 348, 351. This is the general rule in other jurisdictions as to limitation statutes like Wisconsin Article 272.04. 49 C.J.S. Judgments § 542, pp. 1001–1002; 50 C.J.S. Judgments § 854, p. 428. The cases of *Ferguson-McKinney Dry Goods Co. v. Garrett,* and *Schluter v. Sell,* supra, support our conclusion that this is also the rule in Texas as to such statutes. Being the rule in Texas, then, because the record does not show otherwise, it is presumed to be the applicable law in Wisconsin. 1 McCormick & Ray, *Texas Law of Evidence* 132, § 99 (2d ed., 1956). Accordingly, the running of Wisconsin Article 272.04 was tolled with the filing of this suit, and the foreign judgment is not barred or unenforceable by reason of that statute.

The judgment is reversed, and judgment is here rendered that Olson recover of and from SMI the sum of $9,934.75, with interest thereon at 6% from September 2, 1965, to February 4, 1975.