DURA–STILTS COMPANY, Appellant,

v.

Douglas ZACHRY, Appellee.

No. 01–84–0622–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1985.

Rehearing Denied Sept. 5, 1985.

John Woodard, Collins & Woodard, Houston, for appellant.

Paul Jensen, Tullis & Jensen, Houston, for appellee.

Before EVANS, C.J., and DUNN and COHEN, JJ.

## OPINION

COHEN, Justice.

In a non-jury trial, appellee was awarded a judgment of $26,100.67 for personal injuries he suffered in a fall from a stilt manufactured by appellant.

Appellant alleges in its first ground of error that the trial court erred in overruling its motion to dismiss for failure to obtain service of process within two years of the accident. Appellee's injury occurred on May 24, 1977, and he filed his original petition on May 23, 1979, one day prior to the expiration of the statute of limitations. Appellee requested substituted service at the time of filing via the Secretary of State, and repeated his request in July and again in November before service was accomplished on November 30, 1979.

Appellee, citing *Rigo Manufacturing Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex. 1970), argues that the mere filing of a suit will not interrupt the running of a statute of limitations. However, the *Rigo* opinion also states that the use of diligence in procuring the issuance and service of citation will interrupt the statute. *Id.*

For limitations purposes, an action is "brought" when a plaintiff both files a petition and exercises due diligence in having process served upon the defendant. *Owen v. City of Eastland,* 124 Tex. 419, 422, 78 S.W.2d 178, 179 (1935); *Olson v. Success Motivation Institute, Inc.,* 528 S.W.2d 111, 113 (Tex.Civ.App.—Waco 1975,

writ ref'd n.r.e.). Appellee timely filed his petition on May 23, 1979, and exercised diligence by requesting three times that process be served.

Appellant also argues that the service was improper, because the original petition failed to allege that the appellant did not maintain a place of regular business in Texas, as required by Tex.Rev.Civ.Stat. Ann. art. 2031b (Vernon 1964). Appellant relies on *James Edmond, Inc. v. Schilling*, 501 S.W.2d 432 (Tex.Civ.App.—Waco 1973, no writ), and *Roberts Corp. v. Austin Co.*, 487 S.W.2d 165 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Both cases were appeals from default judgments in which the courts held that the plaintiff had to allege that the defendant "does not maintain a place of regular business in this State." 501 S.W.2d at 433–34; 487 S.W.2d at 166. Both holdings, however, were explicitly limited to default judgments.

■ In this case, appellant did not make a special appearance. It entered a general denial in December of 1979. It first raised the limitations issue by filing a motion to dismiss on the day of trial. Having made a general appearance, appellant waived any error in citation. Tex.R.Civ.P. 120a, 121.

The first point of error is overruled.

In the second point of error, appellant alleges that the trial court erred in failing to file additional findings of fact and conclusions of law.

The findings of fact and conclusions of law stated:

## FINDINGS OF FACT

1. Plaintiff, DOUGLAS ZACHRY, received an injury on or about May 24, 1977, while using stilts manufactured and placed in the course of commerce by the Defendant, DURA–STILTS COMPANY, a corporation.

2. At the time the stilt was manufactured by the DURA–STILTS COMPANY, a corporation, its upper leg support was defectively designed in that the stilt was unreasonably dangerous as designed taking into consideration the utility of the product and the risk involved in its use.

3. The defective design of the stilt's upper leg support was a producing cause of the occurrence in question.

4. The Plaintiff, DOUGLAS ZACHRY, was not negligent at the time and occasion in question.

5. The sum of money that would fairly and reasonably compensate DOUGLAS ZACHRY for his injuries which resulted from the occurrence in question is THIRTY TWO THOUSAND TWO HUNDRED THIRTY FOUR AND NO/100 ($32,234.00) DOLLARS.

6. The intervenor, TRAVELERS INSURANCE COMPANY, by agreement and stipulation by and between TRAVELERS INSURANCE COMPANY and DOUGLAS ZACHRY has a statutory intervention for workers' compensation benefits in a net amount of SIX THOUSAND ONE HUNDRED THIRTY THREE AND 33/100 ($6,133.33) DOLLARS.

## CONCLUSIONS OF LAW

1. DOUGLAS ZACHRY should have and recover a judgment from and against the Defendant, DURA–STILTS COMPANY, a corporation, in the amount of TWENTY SIX THOUSAND ONE HUNDRED AND 67/100 ($26,100.67) DOLLARS, plus interest at the statutory rate of ten percent (10%) until such judgment is paid in full.

2. TRAVELERS INSURANCE COMPANY should have and recover a judgment from and against the Defendant, DURA–STILTS COMPANY, a corporation, in the amount of SIX THOUSAND ONE HUNDRED THIRTY THREE AND 33/100 ($6,133.33) DOLLARS, plus interest at the statutory rate of ten percent (10%) until such judgment is paid in full.

Appellant's additional requested findings of fact and conclusions of law were:

## FINDINGS OF FACT

1. The defendant complains of finding of fact one (1) and respectfully requests the court to state by what credible evidence it was shown that the plaintiff received an injury while using stilts manufactured and placed in the course of commerce by the defendant, Dura-Stilts Company.

2. The defendant respectfully requests the court to state by what credible evidence it was determined that the stilt in question was manufactured by the correct defendant, Dura-Stilts Company. That its upper leg support was defectively designed and that it was unreasonably dangerous as designed.

3. The defendant respectfully requests the court to state by what credible evidence it was determined that there was a defective design in the stilts upper leg support and by what credible evidence this design if any was a producing cause of the occurance [sic] in question.

4. The defendant respectfully requests the court to state by what credible evidence it was determined that Dura-Stilts Company, this defendant and no other person was liable for the defect in design as alleged by the plaintiff.

5. The defendant respectfully requests the court to determine in its findings of fact how a design could be defective and be the producing cause of the plaintiffs pleading.

## CONCLUSIONS OF LAW

1. The defendant respectfully requests the court to make a conclusion of law as to why the defendants Motion to Dismiss was denied. This was the Motion to Dismiss as to defendants plea to the jurisdiction concerning the statue [sic] of limitations and late filing by the plaintiff.

Appellant contends that Tex.R.Civ.P. 298 requires the trial court to make additional findings and conclusions when timely requested. Rule 298 states in pertinent part:

After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time.

■ This rule has been interpreted to require additional findings and conclusions only when they relate to ultimate or controlling issues. They are not required if they are evidentiary only. *Texas Eastern Transmission Corp. v. Sealy Independent School District,* 572 S.W.2d 49, 51 (Tex. Civ.App.—Houston [1st Dist.] 1978, no writ); *see also Sauer v. Johnson,* 520 S.W.2d 438, 442 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

■ Each of the additional findings asks "by what credible evidence" or "how" the trial court reached its original findings and conclusions. The additional conclusion asks why the motion to dismiss was denied. These findings and conclusion are evidentiary only and do no more than request explanations of the court's ruling in the case. Consequently, the second point of error is overruled.

■ In points of error five and eight, appellant argues that findings of fact two and three must be overruled, because they are based on incompetent hearsay. Appellant directs the court to the alleged hearsay testimony admitted without objection that, if denied probative value, would leave little evidence to support the judgment. Appellant contends that inadmissible hearsay admitted without objection is of no probative value; however, this is no longer a correct statement of the law. Under the Texas Rules of Evidence, effective September 1, 1983, such hearsay may be probative. It is no longer incompetent. Tex.R.Evid. 802. Points of error five and eight are overruled.

■ Points of error six, seven, nine, and ten allege that there is no evidence or, alternatively, insufficient evidence to support findings of fact two—that the stilt

was manufactured by Dura-Stilts and contained a dangerous design defect—and, three—that the design defect was the producing cause of the appellee's injury. When reviewing no evidence points, we consider only the evidence tending to support the findings and give effect to all reasonable inferences that may properly be drawn therefrom, disregarding all evidence to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex. 1981). In considering the factual insufficiency points, we review all of the evidence. *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

The evidence showed that appellee was wearing Dura-Stilts at the time of the accident. Appellee testified that he had been using Dura-Stilts since he was 12 or 13 years old, and that he had never worn any other brand. He stated that he had been wearing this particular pair of Dura-Stilts for more than a year. When shown the broken part of the stilt, he identified it as the one he was wearing at the time of the accident and said that it was broken as he remembered it. On voir dire, he stated that the broken stilt looked exactly like the one he was wearing, but he also said that he did not know what became of the stilt after the fall. The piece of the stilt that was entered into evidence did not bear the manufacturer's name.

The adjuster for the worker's compensation carrier testified that a week after the accident, he went to appellee's place of employment to get the broken stilt. It was given to him by "whoever was in charge," and he was told that the stilt was made by Dura-Stilts. The adjuster took the stilt to his office, where it was tagged and held for appellee's lawyer. He stated that the piece of the stilt in evidence was substantially similar to the one he received from appellee's employer. The adjuster subsequently left the insurance company and did not know what happened to the exhibit after that.

Appellee's counsel testified, contrary to the adjuster's testimony, that the adjuster gave him the segment of stilt. He then gave it to defense counsel, who later returned it to him. At that point, it was given to appellee's expert.

Appellee's expert testified that the exhibit was the same piece given to him for testing. He stated that he could not determine whether the piece he tested was a Dura-Stilt. From hardness tests that he and a metallurgist conducted, he determined that the stilt broke because of weakness in the material used.

Appellant's expert questioned the validity of appellee's expert's tests and calculations. He also produced a different broken stilt, which he identified as the one used by appellee on the day of the accident. He stated that it was given to him by the "Defense Attorney." He turned it over to another expert, and they passed it back and forth until the week of trial, when it was returned to him. This second piece of stilt was admitted only because it was the object of the defense expert's tests. According to the expert, that piece of stilt was not defective. His testimony was reinforced by the patentholder of the Dura-Stilt.

Whether reviewed according to a no-evidence standard or an insufficient-evidence standard, the evidence is sufficient to support the trial court's findings. There was ample evidence that the broken stilt was a Dura-Stilt and that it was the particular stilt the appellee was using when he fell. Although the experts differed, there was sufficient evidence that the stilt contained a design defect which caused the injury. The findings were not so against the great weight and preponderance of the evidence as to be manifestly unjust. Points of error six, seven, nine, and ten are overruled.

Appellant argues in the third point of error that the appellee failed to meet his burden of proof in that he failed to show that the broken stilt "was in the same condition [at the time of the accident] as when it left the manufacturer."

Appellee alleged strict tort liability, which required him to prove that the defect that caused his injury existed when the

product left the manufacturer. *San Antonio Tent & Awning Co. v. Martin*, 437 S.W.2d 647, 648 (Tex.Civ.App.—Texarkana 1969, no writ). Tracing the defect back to the manufacturer is necessary even though such proof constitutes a heavy burden. *Carroll v. Ford Motor Co.*, 462 S.W.2d 57, 62 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ).

 We hold that the appellee presented sufficient evidence for the trial judge to have concluded that the defect that caused his injury existed within the product at the time it left the manufacturer's hands. The defect alleged and proved was a design defect; specifically, the aluminum alloy used to make the stilt was not strong enough to support a predictable load. Appellee testified that he was wearing Dura-Stilts the day of his fall. He identified the broken piece of stilt admitted in evidence as coming from the one he was wearing at the time of his injury. There was testimony that appellee always used Dura-Stilts and that he had been using Dura-Stilts since he was 12 or 13 years old. He was experienced in wearing Dura-Stilts and had never fallen before while wearing them. On cross-examination, the appellee was asked about other stilts, but testified that he had only seen one other type of stilt in his life and that they did not use them in his kind of work, though everyone he worked with wore stilts. Appellee identified the stilt segment tested by his expert as being from the stilt he was wearing at the time of his fall.

Appellee testified that he did not assemble his stilts himself and that as far as he knew, his boss had put the stilts together. Later he said that the stilts were already assembled when he got them and that he did not know whether the stilts were the same as they came from the box, because he did not know who put them together. This evidence that some unknown person assembled the stilt at the premises of appellee's employer, and that parts of different stilts may have sometimes been substituted for one another, would not affect the particular defect that caused appellee's injury, i.e., the use of an aluminum alloy in making the stilt that was not strong enough to support a foreseeable load. The judge was not bound to conclude that the stilt that failed had been altered or used improperly, even if the appellant's evidence suggested that possibility. *See V. Mueller & Co. v. Corley*, 570 S.W.2d 140, 144 (Tex. Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). Appellee's expert testified that it would have cost less than a dollar extra per stilt to use metal strong enough to make the stilt safe, and that putting a stilt this weak into the stream of commerce was unreasonably dangerous. The trial court was entitled to believe this evidence and render its judgment accordingly.

Point of error three is overruled.

The judgment is affirmed.