**Elizabeth R. SMITH, Appellant,**

**v.**

**William David STEEN, Appellee.**

**No. 3–91–197–CV.**

Court of Appeals of Texas,
Austin.

June 3, 1992.

Dan Morales, Atty. Gen., Rhonda Amkraut Bayer, Asst. Atty. Gen., Child Support Enforcement Div., Austin, for appellant.

David Steen, pro se.

No appellee's brief filed.

Before POWERS, JONES and KIDD, JJ.

ON MOTION TO REINSTATE

PER CURIAM.

After the Court rendered judgment in this appeal, the attorney general filed an

amended notice of appeal with the district clerk.[1] The attorney general filed with the Clerk of this Court the following motions: (1) motion for leave to file a supplemental transcript containing an amended notice of appeal; (2) motion to reinstate; (3) motion for rehearing; and (4) motion for reconsideration en banc. We hold that the original notice of appeal in lieu of bond was a bona fide attempt to invoke appellate-court jurisdiction, and we grant the attorney general's motions for leave to file a supplemental transcript and to reinstate based on his amendment of the original, defective notice of appeal. We dismiss as moot the attorney general's motion for rehearing, overrule the motion for reconsideration en banc, withdraw our judgment of April 15, 1992, and proceed to consider the merits of the appeal.[2]

Smith appeals with four points of error and alleges that the district court erred in: (1) holding that the RURESA action is actually a motion to modify governed by chapter 14 of the Family Code; (2) entertaining a suit affecting the parent-child relationship because the district court lacked jurisdiction to entertain such a suit; (3) rendering judgment for attorney's fees against the custodial parent; and (4) denying Smith's request to have child support set in accordance with the Texas child-support guidelines. We will reverse.

 In point of error one, Smith contends that the district court erred in holding that the RURESA action is actually a motion to modify governed by chapter 14 of the Family Code. Tex.Fam.Code Ann. §§ 14.01–.13 (1986 & Supp.1992). We agree. A RURESA proceeding is not a suit affecting the parent-child relationship. Tex.Fam.Code Ann. § 11.01(5) (Supp.1992); *Brown v. State ex rel. Jarvis,* 808 S.W.2d 628, 633 (Tex.App.1991, writ denied). The RURESA proceeding is in addition to, and not in substitution for, any other order of support that may exist. Tex.Fam.Code Ann. § 21.03 (Supp.1992); *cf.* Tex.Fam.Code Ann. § 21.31 (Supp.1992) (support order pursuant to RURESA does not nullify Texas support order pursuant to other law). The district court, therefore, used a standard not applicable to a RURESA action when it required Smith to show a material and substantial change in circumstances. Point of error one is sustained.

We need not reach the merits of points of error two, three, and four because of our disposition of point of error one. Accordingly, the judgment of the district court is reversed, and the cause is remanded to the district court for further proceedings.

---

1. The amended notice of appeal reads in pertinent part:

CAUSE NO. 487,209

AMENDED NOTICE OF APPEAL

ELIZABETH R. SMITH, by and through the Attorney General of the State of Texas, the Texas Title IV–D agency, the prosecuting attorney under RURESA, Chapter 21, Tex.Fam.Code, providing services as required by Title IV–D of the Social Security Act, 42 U.S.C., §§ 651, et seq. and Chapter 76, Tex.Hum.Res.Code, at the request of the State of New York and Elizabeth R. Smith, hereby files this Amended Notice of Appeal from the judgment in this cause, signed on January 15, 1991.

The Attorney General of Texas is not required to file a bond for purposes of perfecting this appeal, pursuant to Tex.Civ.Prac. & Rem.Code, § 6.001.

2. Because the attorney general has amended the notice of appeal, the style of this cause has been changed from *Attorney General of Texas v. William David Steen* to *Elizabeth R. Smith v. William David Steen.*