Fox 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-063-CV




LESLIE J. FOX,



 APPELLANT


vs.





WILLIAM E. MILLER,



 APPELLEE


 



FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT



NO. 14,567, HONORABLE DAN R. BECK, JUDGE PRESIDING


 




 Leslie J. Fox appeals from a trial-court order that vacates a Nebraska money
judgment against her former husband, William E. Miller, for past-due child support. We will
reverse the trial-court order and remand the cause for proceedings not inconsistent with our
opinion.



THE CONTROVERSY


 In 1974 Fox divorced Miller in a Nebraska district court. The decree awarded Fox
custody of their three children and ordered Miller to pay child support. He became delinquent
in his payments.

 Fox filed an application with the Nebraska Title IV-D agency for child-support
services under the Nebraska Revised Uniform Reciprocal Enforcement Act, Neb. Rev. Stat.
§§ 42-762 to 42-7,104 (1988). The Nebraska district court certified Fox's application and
transferred the pertinent documents to district court in Fayette County, Texas, where Miller has
resided since the divorce. See Act of May 31, 1981, 67th Leg., R.S., ch. 356, § 9, 1981 Tex.
Gen. Laws 945, 946 (Uniform Reciprocal Enforcement Support Act, Tex. Fam. Code Ann.
§ 21.32(a) (URESA), since repealed and reenacted as Revised Uniform Reciprocal Enforcement
of Support Act, Tex. Fam. Code Ann. § 21.18(a) (West Supp. 1993) (RURESA)). Fox and
Miller entered into an agreed order in August 1985 specifying future child-support payments and
the amount of arrearages owing. 

 In 1990 the attorney general of Texas, on behalf of Fox, filed a motion to enforce
the 1985 URESA order. The trial court found that Miller was not in arrears and dismissed the
motion to enforce the agreed order with the proviso that the dismissal order had no effect on "any
claims for support/reimbursement from orders out of the state of Nebraska."

 In an action independent of the 1985 Texas URESA order, the Nebraska Title IV-D
agency filed an action in a Nebraska court to enforce the child-support order contained in the 1974
divorce decree. In April 1990, the Nebraska court rendered judgment by default against Miller
for $30,187.41 plus interest of $27,532.46. The Texas attorney general filed the judgment in
Fayette County district court for enforcement pursuant to the Uniform Enforcement of Foreign
Judgments Act, Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001-.008 (West 1986). Miller
moved to vacate the Nebraska judgment on a number of grounds including lack of personal
jurisdiction, fraud, res judicata, and statute of limitations. The district court granted Miller's
motion to vacate on September 24, 1991, on the grounds of fraud, res judicata, and statute of
limitations. 

 In this appeal, Fox contends, in one point of error, that the trial court's order
vacating the Nebraska money judgment violated the full faith and credit clause of the federal
Constitution, U.S. Const. art. IV, § 1. (1)



DISCUSSION AND HOLDING



 Article IV, Section 1 of the United States Constitution and statutes enacted
thereunder require that Texas courts give full faith and credit to valid judgments of other states. 
Roche v. McDonald, 275 U.S. 449, 451-52 (1928). In the cause now before us, Fox's
introduction into evidence of the Nebraska judgment that appeared to be a valid, final, and
subsisting judgment rendered by a court of competent jurisdiction, created a prima facie case for
enforcement of the judgment. See Olson v. Success Motivation Inst., 528 S.W.2d 111, 112 (Tex.
Civ. App.--Waco 1975, writ ref'd n.r.e.). The burden lay upon Miller to establish that the
Nebraska court lacked jurisdiction or that the foreign judgment was otherwise void. Id. The fact
that the Nebraska judgment was taken by default does not change the rule that it is conclusive on
the merits when it is subjected to collateral attack in Texas. See Mitchim v. Mitchim, 518 S.W.2d
362, 366 (Tex. 1975).

 After hearing, the Texas trial court declared the Nebraska judgment void and
entered findings of fact and conclusions of law based on Miller's claims of fraud, statute of
limitations, and res judicata. Miller could prevail on his claims, which constituted collateral
attacks upon the validity of the Nebraska judgment, only if the record revealed such a lack of
jurisdiction, either subject matter or personal, as to render it void. See Massachusetts v. Davis,
168 S.W.2d 216, 220 (Tex. 1942); Carter v. G & L Tool Co., 428 S.W.2d 677, 682 (Tex. Civ.
App.--San Antonio 1968, no writ).

 The copy of the Nebraska judgment contained in the record is authenticated and
appears on its face to be a record of a Nebraska court of general jurisdiction; therefore, the
judgment is presumed to be within the court's jurisdiction. See Texas Dep't of Pub. Safety v.
Hamilton, 304 S.W.2d 719, 722 (Tex. Civ. App.--Eastland), writ ref'd n.r.e. per curiam, 306
S.W.2d 712 (Tex. 1957). Additionally, the trial court did not enter a finding or conclusion
regarding Miller's claim that the Nebraska court lacked jurisdiction to render the judgment against
him. Because the Texas judgment rests on explicit findings based on fraud, res judicata, and
statute of limitations, we must presume the trial court rejected Miller's claim of a want of personal
jurisdiction, a matter he does not raise as a cross-point in this appeal. See Tex. R. Civ. P. 299;
Anderson v. Smith, 635 S.W.2d 204, 207 (Tex. App.--Houston [1st Dist.] 1982, no writ).

 In vacating the Nebraska judgment, the trial court concluded that Fox had obtained
the judgment through fraud because "she was attempting to obtain the same relief twice." The
court appears to base this conclusion on two findings--that the Nebraska judgment included child-support arrearages for the same time period covered by the Texas agreed order and that Fox was
using "the court system in both Nebraska and Texas at the same time in an attempt to collect the
same relief twice."

 Fraud as it relates to the validity of a final judgment is either extrinsic or intrinsic;
only extrinsic fraud, a representation or concealment that prevents a plaintiff from having a day
in court, is a ground for relief in a collateral attack. Kuper v. Kuper, 336 S.W.2d 819, 821 (Tex.
Civ. App.--Amarillo 1960, writ dism'd). A judgment will not be vacated for intrinsic fraud, which
exists when the purported fraudulent act was actually or potentially an issue in the original
proceeding. Old Nat'l Life Ins. Co. v. Patillo, 195 S.W.2d 690, 695 (Tex. Civ. App.--Texarkana
1946, writ ref'd n.r.e.). The fraud, if any, under these circumstances is intrinsic and may not
serve as a ground on which to vacate the Nebraska judgment.

 Similarly, Miller's argument that enforcement of the judgment was barred by the
Texas statute of limitations for enforcement of a Texas child-support order must fail as a collateral
attack. The trial court's conclusion that Fox "is barred by the 10-year statute of limitations"
evidently is based on the finding that the amount of the Nebraska judgment included child-support
arrearages "dating back as far as 1973." Miller did not plead and the trial court did not specify
the statutory limitation provision under which Miller's relief was granted. We agree with Fox that
it appears from the record that the court applied section 14.41(b) of the Texas Family Code to find
that enforcement of the Nebraska judgment was barred. (2)

 We believe the trial court's reliance on this statute is misplaced, as the statute
applies to the entry of a judgment, not the enforcement of an existing, final judgment. (3) The
Nebraska court was the appropriate forum in which to have asserted the statute-of-limitations
defense for the time period of child-support arrearages covered by the Nebraska judgment. 
Because, as stated above, the judgment is presumed valid, Miller's only possible argument based
on limitations is with regard to enforcement of the judgment once it was rendered by the Nebraska
court, an argument he did not raise and the record does not support. See Tex. Civ. Prac. & Rem.
Code Ann. § 16.066 (West 1986).

 The remaining ground upon which the trial court vacated the Nebraska judgment,
that its enforcement was precluded by the res judicata effect of the 1985 Texas agreed order, is
not sustainable. Notwithstanding the fact that the order dismissing the 1985 enforcement action
explicitly states that it is not preclusive of any action under the Nebraska support order, had
Miller wished to assert a res judicata plea, he should have stated this ground in reply to the motion
for judgment in the Nebraska suit. See Harris v. Harris, 403 S.W.2d 445, 448 (Tex. Civ.
App.--Houston 1966, writ ref'd n.r.e.). Further, a RURESA proceeding, such as that which
culminated in the 1985 agreed order, is in addition to and not a substitute for any other order of
support that may exist. Smith v. Steen, 833 S.W.2d 178, 179 (Tex. App.--Austin 1992, no writ). 

 Based on the presumption of the validity of the judgment, which Miller failed to
controvert, we conclude the Nebraska court was the proper forum in which to address the claims
Miller brought on collateral attack. Therefore, the trial court erred in vacating the judgment and
should have accorded it full faith and credit. Accordingly, we sustain Fox's point of error.

 We reverse the order of the trial court and remand this cause to the trial court for
proceedings not inconsistent with our opinion.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Reversed and Remanded

Filed: April 14, 1993

[Do Not Publish]
1.   The attorney general brings this appeal on Fox's behalf. See Tex. Hum. Res. Code
Ann. § 76.002 (West Supp. 1993). Although the attorney general submitted the appeal on two
points of error, we need not address the second point because it relates to this court's
jurisdiction to consider this appeal, a matter resolved by our opinion on motion to reinstate
and judgment of June 3, 1992. See Office of the Attorney General v. Miller, No. 92-063-CV
(Tex. App.--Austin June 3, 1992) (not designated for publication).
2.   The Texas statute of limitations pertaining to judgments for past-due child-support
payments states that a court "may not confirm the amount of child support in arrears and
may not enter judgment for unpaid support payments that were due and owing more than
10 years before the filing of the motion to render judgment under this section." Tex.
Fam. Code Ann. § 14.41(b) (West Supp. 1993).
3. We have used the term "entry" to conform to the language used in § 14.41(b). We note
that § 14.41(a) of the same statute uses the proper terminology in discussing the court's act of
rendering judgments.