ACCEPTED
03-14-00795-CV
6167020
THIRD COURT OF APPEALS
AUSTIN, TEXAS
7/21/2015 11:29:56 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00795-CV

## IN THE
## THIRD COURT OF APPEALS

## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

7/21/2015 11:29:56 PM

JEFFREY D. KYLE
Clerk

**Jennifer Samaniego**
**Appellant**

**v.**

**Alieda Silguero**
**Appellee**

## On Appeal from the County Court at Law No. 2,
## Travis County, Texas

## BRIEF OF APPELLEE

**NADIA RAMKISOON**
State Bar No. 24076635
e-mail:
nadia.ramkissoon@famersinsurance.com

**CLARK, TREVINO & ASSOCIATES**
1701 Directors Blvd. Ste. 920
Austin, Texas   78744
(512) 445-1591
(512) 383-0503 (Facsimile)

**ATTORNEY      FOR      APPELLEE**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................i

STATEMENT OF THE CASE..........................................................................2

ISSUE PRESENTED.........................................................................................2

> **The trial court did not err when granting Appellee Alieda Silguero's motion for summary judgment. Appellant has failed to sustain her burden of proof regarding the delay in serving Appellee Alieda Silguero and lack due diligence was established as a matter of law.**

STATEMENT OF FACTS ..................................................................................2

SUMMARY OF THE ARGUMENT ................................................................3

ARGUMENT AND AUTHORITIES...............................................................4

CONCLUSION ..................................................................................................6

PRAYER ............................................................................................................6

CERTIFICATE OF COMPLIANCE...............................................................7

CERTIFICATE OF SERVICE .........................................................................7

# INDEX OF AUTHORITIES

**CASES**

*First Gen. Realty Corp. v. Maryland Caus. Co,* 981 S.W.2d 465 (Tex. App—Austin 1998, *pet. denied*) ......................................................................................6

*Sanchez v. Providence Memorial Hospital*; 679 S.W.2d 732, 732-733 (Tex. App.—El Paso 1984, *no writ*)...................................................................................6

*Dura-Stitlts Com. v. Zachry*, 697 S.W.2d 658, 659, (Tex. App.—Houston [1st Dist.]1985, *writ refused, n.r.e*) ....................................................................................6

*Carter v. MacFadyen,* 93 S.W.3d 307 (Tex. App.—Houston [14th Dist.] 2002, *pet. denied*)...................................................................................................................7, 8

*Parson v. Turley,* 109 S.W.3d 804, 808-809 (Tex. App.—Dallas, 2003, *no pet.*) ....7

*Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826 (Tex.1990)...........................7

*Zacharie v. U.S. Nat. Resources, Inc.,* 94 S.W.3d 748 (Tex. App.—San Antonio 2002, *no pet.*) ..............................................................................................................7, 8

*Instrument Specialties Co. v. Texas Employment Comm'n,* 924 S.W.3d 420 (Tex. App.—Fort Worth 1996, *pet. denied*)..................................................................7

*Rodriguez v. Tinsman & Houser,* 13 S.W.3d 47, 49-52 (Tex. App.--San Antonio 1999, *pet. denied*)......................................................................................................8

*Broom v. McMaster,* 992 S.W.2d 659 (Tex. App.—Dallas 1999, *no pet.*) ..............8

*McGuire v. Federal Dep. Ins. Corp.,* 561 S.W.2d 213 (Tex. Civ. App.—Houston [1st dist.] 1997, *no writ*)...............................................................................................8

*Holt v. D'Hanis State Bank,* 993 S.W.2d 237 (Tex. App—San Antonio 1999, *no pet.*) ........................................................................................................................8

*Webster v. Thomas,* 5 S.W.3d 287, 290-291 (Tex. App.—Houston, [14th Dist.] 199, *no pet.*)...................................................................................................................8

*Roberts v. Padre Island Brewing, Inc.*, 28 S.W.3d 618, 621 (Tex.App.—Corpus Christi 2000, *pet denied*) ...................................................................................9

*Gant v. De Leon,* 786 S.W.2d 259 (Tex. 1990)(*per curiam*) ....................................12

**STATUTES AND RULES**

TEX. CIV. PRAC. & REM. CODE ANN. §16.003(A) VERNON 2003 ...............................6

NO. 03-14-00795-CV

IN THE
THIRD COURT OF APPEALS

AT AUSTIN

Jennifer Samaniego
Appellant

v.

Alieda Silguero
Appellee

On Appeal from the County Court at Law No. 2,
Travis County, Texas

BRIEF OF APPELLEE

TO THE HONORABLE COURT OF APPEALS:

Alieda Silguero respectfully asks the Court to dismiss Appellant's appeal for due diligence and the judgment of the trial court that Appellant Jennifer Samaniego take nothing on her claims and respectfully shows the following:

## STATEMENT OF THE CASE

Plaintiff/Appellant Jennifer Samaniego sued Defendant/Appellee Alieda Silguero for personal injury damages allegedly arising from an automobile accident that occurred on May 2, 2011. (CR 7) Appellee filed a Motion for Summary Judgment on June 26, 2014 based on Appellant's failure to exercise due diligence in serving Appellee. (CR 33-37) Appellee's Motion for Summary Judgment was granted by the trial court on November 18, 2014. (CR 81)

## ISSUE PRESENTED

The trial court did not err when granting Appellee Alieda Silguero's motion for summary judgment. Appellant Jennifer Samiengo has failed to sustain her burden of proof regarding the delay in serving Appellee Alieda Silguero and lack due diligence was established as a matter of law.

## STATEMENT OF FACTS

The Appellant seeks damages allegedly arising from an automobile accident occurring on May 2, 2011. (CR 7) The Appellant alleges that she was rear ended by Appellee. (CR 7) Appellant alleges that her damages were proximately caused by Appellee's negligence. The original petition was filed on May 2, 2013. (CR 6, 34). The attorney for the Appellant at the time, Steve White, filed the lawsuit. (CR6) A citation was issued for Appellee on May 2, 2013. (CR 50) Appellee

2

received a letter dated October 1, 2013 from her attorney stating that he suffered a stroke and that her case would be given to Thomas Crosley. (CR 66) Before Appellant's attorney suffered a stroke no attempts of substitute service were made on Appellee. In April of 2014, Appellant hires Anthony Colton as her attorney. (CR 85) An amended petition was filed by Appellant on April 23, 2014 which now untimely included Paulino Silguero, III, Appellee's father. (CR 19) He was joined into the lawsuit almost a year after the statute of limitations had expired. A new citation was issued for Appellee and her father on April 24, 2014. (CR 44) Service of process was not accomplished until June 16, 2014 on Appellee. (CR 44) This was over a year after the expiration of the statute of limitations.

Appellee and her father filed their Answer on June 26, 2014 asserting a general denial, affirmative defense of statute of limitations, and a motion for summary judgment. (CR 33) Appellant filed a notice of nonsuit as to her claims against Paulino Silguero, III on October, 10, 2014. (CR 71) Appellee's Motion for Summary Judgment was heard on October 17, 2014. (CR 70) On November 18, 2014, Appellee's Motion for Summary Judgment was granted by the trial court. (CR 81)

## SUMMARY OF THE ARGUMENT

Appellant filed suit on the last day before the statute of limitations tolled. Appellant failed to exercise due diligence in serving Appellee with process.

3

Appellee filed her answer raising due diligence as an issue and sought Summary Judgment. Upon filing for Summary Judgment, the burden of proof shifted to Appellant to explain the delay. Appellant failed to sustain the burden of proof by asserting a reasonable explanation for the delay in service, and Appellants lack of due diligence was established as a matter of law. Therefore this Court should affirm the summary judgment in favor of Appellee.

## ARGUMENT AND AUTHORITIES

### A. Due Diligence was not exercised by Appellant

The Appellant had two years from the date of the accident to bring her action against Appellee. The Texas Civil Practice and Remedies Code sets the limitations period for tort claims based on negligence at two years. Tex. Civ. Prac. & Rem Code Ann. §16.003(a) (Vernon 2003). In order for a suit to be timely filed under a two year limitations period, it must be filed within two years of the date when an alleged wrongful act causes a legal injury. *First Gen. Realty Corp. v. Maryland Cas. Co.,* 981 S.W.2d 465, 501 (Tex. App—Austin 1998, *pet. denied*).

Mere filing of a lawsuit does not alone toll limitations; an action is timely brought only when the Plaintiff both files a petition and exercises due diligence in having the Defendant served. *Sanchez v. Providence Memorial Hospital*; 679 S.W.2d 732, 732-733 (Tex. App.—El Paso 1984, *no writ*); *Dura-Stitlts Com. v. Zachry*, 697 S.W.2d 658, 659, (Tex. App.—Houston [1st Dist.] 1985, *writ refused,*

*n.r.e.*). Due diligence is determined by looking at the time taken and the effort expended by the plaintiff in securing service. *Carter v. MacFadyen,* 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, *pet. denied*). The test for due diligence is whether a Plaintiff acted (1) as an ordinary prudent person would act under the same circumstances and (2) was diligent up until the time the Defendant was served. *Parson v. Turley,* 109 S.W.3d 804, 808-809 (Tex. App.—Dallas, 2003, *no pet.*). Even a considerable amount of ineffective activity does not constitute due diligence if easily available and more effective alternatives are ignored. *Carter v. MacFadyen,* 93 S.W.3d 307, 314-315 (Tex. App.—Houston [14th Dist.] 2002, *pet. denied*).

When a defendant raises the defense of limitations and the failure to timely serve the defendant, the burden shifts to the plaintiff to explain any delay. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex. 1990); *Carter v. MacFadyen,* 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, *pet. denied*). A lack of diligence may be found as a matter of law if no excuse is offered for a delay or if the plaintiff's acts conclusively negate diligence. *Zacharie v. U. S. Nat. Resources, Inc.,* 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, *no pet.*); *Instrument Specialties Co. v. Texas Employment Comm 'n,* 924 S.W.3d 420, 422 (Tex. App.—Fort Worth 1996, *pet. denied*).

5

Further, merely offering an explanation does not necessarily raise a fact issue precluding summary judgment; the explanation must be one that is reasonable and valid. *Rodriguez v. Tinsman & Houser,* 13 S.W.3d 47, 49-52 (Tex. App.—San Antonio 1999, *pet. denied*). The plaintiffs excuse must show a bona fide intent that process be issued and served and must demonstrate how due diligence was exercised in the issuance and service of citation. *Broom v. McMaster,* 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.); *McGuire v. Federal Dep. Ins. Corp.,* 561 S.W.2d 213, 215- 216 (Tex. Civ. App.—Houston [1st Dist.] 1977, *no writ*). Further, the evidence presented must explain every period of delay. *Carter v. MacFadyen,* 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). "An invalid explanation of delay, like no explanation for delay, constitutes lack of diligence as a matter of law." *Rodriguez v. Tinsman & Houser,* 13 S.W.3d 47, 49-51 (Tex. App.—San Antonio 1999, *pet. denied*).

Texas courts have held that unjustified delays of as little as one month, *Rodriguez v. Tinsman & Houser,* 13 S.W.3d 47 (Tex. App.—San Antonio 1999, *pet. denied*), three months, *Holt v. D'Hanis State Bank,* 993 S.W.2d 237 (Tex. App.—San Antonio 1999, no pet.), four months, *Webster v. Thomas,* 5 S.W.3d 287, 290-291 (Tex. App.—Houston, [14th Dist.] 199, *no pet.*), and five months, *Zacharie v. U. S. Nat. Resources, Inc.,* 94 S.W.3d 748, 754 (Tex. App.—San Antonio 2002, *no pet. h.*), constitute a lack of due diligence as a matter of law.

Plaintiff cannot rely on the process server's attempts to personally serve Defendant. It is the responsibility of the person requesting service, and not the process server, to see that service is properly accomplished. *Roberts v. Padre Island Brewing, Inc.*, 28 S.W.3d 618, 621 (Tex. App.—Corpus Christi 2000, *pet denied*), citing Tex. R. Civ. Proc. 9(a) and *Gonzalez v. Phoenix Foods, supra*.

The original petition was filed on May 2, 2013 with a citation issued by the Travis County Clerk on May 2, 2013. Appellant wants the court to believe that because of the insurance company she had to seek counsel. She insinuates an idea that she sought counsel right before the statute tolled. This is simply not the case. Appellant was represented by an attorney previous to the expiration of the statute of limitations a year prior. The insurance company's knowledge is not relevant to the due diligence of the Appellant serving the Appellee. There is no evidence that the insurance company had anything to do with the Appellant filing the lawsuit on the day of the statute. The duty is on the Appellant not only to file a timely lawsuit but also to see that service is properly accomplished.

After the lawsuit was filed, Appellant claims that service was attempted twice on May 9, 2013, but there is no evidence that such service was attempted by a private process server. There is no affidavit from the private process server. Neither the private process server nor the private process server's agency is named and there is no information about the attempt to locate or serve Appellee. There is

no reason given by the process server as to why the Appellee could not be served. From May 2, 2013 up until October of 2013, when Appellant receives the letter from her attorney's office, there is no attempt of service on the Appellee nor any evidence to demonstrate how due diligence was exercised in the service of citation or an explanation of this period of delay. Furthermore, there is no evidence that there was an attempt for substitute service at this time either. The Appellant failed to satisfy her burden of offering a reasonable and valid excuse of the five month delay in serving Alieda Silguero from May 2, 2013 to October of 2013.

Appellant wants this court to believe that her attorney was incapacitated for the entire eleven months. This is simply not the case and there is no evidence to support this suggestion. There was a five month time period between when the lawsuit was filed and her attorney's letter about the stroke in which time nothing was done to serve the citation to Appellee and there is no reasonable explanation of such. Then after the Appellant receives notice of her attorney's condition, she still does not attempt to serve Appellee until she engages a new attorney on April 29, 2014. Appellant claims that in November 2013 attorney Crosby would not take her case. From October 2013 until April of 2014, Appellant became ProSe, but still had the duty to act as ordinary prudent person would have acted under the same or similar circumstance as she was the person requesting service. Between October 2013 and April of 2014, Appellant's explanation that she was trying to find a new

attorney is not a reasonable and valid explanation for the delay. There is no evidence that the Appellant attempted to find another attorney except for a self-serving affidavit by Appellant. Then on June 3, 2014 a motion for substitute service was filed twelve months after the original lawsuit.

Appellant claims that it only took six weeks after substitute service was filed on the amended petition to serve Appellee. Appellant relies on this six week period to attempt to show due diligence. However, this still doesn't explain or account for the time period between May 2, 2013 and October 1, 2013 where there is no evidence of an attempt of service or substitute service. Nor does it account for any service attempts during October 1, 2013 to April 2014; there were not any attempts.

## B. Appellant's cases relied upon are not analogues to this case

*Proulx v. Wells*[1]-The Appellant relies on this case as mentioned in her brief, however, the Appellant fails to note that the Plaintiff in the *Proulx* case attempted to serve the Defendant over thirty times in a nine month period. Additionally there was evidence that the Defendant in *Proulx* was actively avoiding service.[2] The Plaintiff in the *Proulx* case went so far as to hire a private investigator.[3] There was actual summary judgment evidence that demonstrated the service, attempts on

---

[1] *Proulx v. Wells* 235 S.W. 3rd 213 (Tex. 2007)
[2] *Id.* at 216
[3] *Id.*

service, and the Defendant's avoidance. The court noted that the circumstances presented in the case was far different from those in which court have found lack of diligence as a matter of law.[4] The Court even distinguished in the *Proulx* opinion that they have previously held, such as in the *Gant*[5] case, against a Plaintiff who failed to provide explanations for three service periods tolling for thirty eight months.[6] The Appellant in this case has no evidence of the attempts of service nor any evidence that the Appellee was avoiding service, nor has provided any evidence explaining delay of service between May 2, 2013 to October 2013, October 2013 to November 2013 and November 2013 to April of 2014. Appellant cannot rely on the *Proulx* case because the facts are not analogous and the Appellant did not make continuous service attempts on the Appellee nor was the Appellee avoiding service.

Next the Appellant relies on *NETCO, Inc. v. Montemayor*.[7] Again, the Plaintiffs in this case made numerous attempts to serve the Defendant. Again, the court held that it is the Plaintiff's burden to explain every lapse of effort or period of delay.[8] The court's determination on diligence against NETCO relied on the fact that NETCO failed to maintain a correct address for their registered agent with

---

[4] *Id*. at 217
[5] *Gant v. DeLeon* 786 S.W. 2nd 259 (Tex. 1990)
[6] *Proulx* at 217
[7] *NETCO, Inc. v. Montemayor* 352 S.W. 3d 733 (Tex. App.–Houston [1st Dist.] 2011, *no pet.*)
[8] *Id.* at 739

the Secretary of State as required by law.[9] The court stated that the evidence showed that Plaintiffs attempted to serve NETCO four times at the address they had with the Secretary of State and that service for corporations is guided by the Texas Business Organization Code.[10] It was NETCO's duty to maintain a proper address with the Secretary of State in order to do business in the State of Texas. The *NETCO* case is not analogous to Appellant's case because there is no evidence of attempts of service, nor is there an explanation for the lapse of delay between May 2, 2013 and October 2013, nor is the Appellee required to keep an address with the Secretary of State. Furthermore, service on Appellee is not guided by the Texas Business Organization Code nor did the secretary of state become agent for service for Appellee.

Lastly, Appellant relies on *Auten v. DJ Clark*.[11] In *Auten* the court held for the Plaintiffs as they were able to show an explanation for three periods of a delay in service. The process server for the Plaintiffs in the *Auten* case provided three affidavits of his attempt of service and detailed his attempts.[12] The affidavits were also prepared because counsel for the Plaintiffs was going to file a motion for substitute service.[13] The second delay, while counsel did become incapacitated, he

---

[9] *Id.* at 740
[10] *Id.* at 741
[11] *Auten v. DJ Clark, Inc.* 209 S.W. 3d 695 (Tex. App.–Houston [14th Dist.] 2006, no pet.)
[12] *Id.* at 699, 700
[13] *Id.* at 700, 701

11

did not release the Plaintiffs as his clients.[14] The third delay was due to the clerk's office and order of the court on substitute service. This case is distinguishable from Appellant's case because there is no affidavit from the process server which attempted service on Appellee from May 2, 2013 to October 2013, no attempt to file a motion for substitute service until June 3, 2014, and the court did not hold up or delay service on the Appellee.

## CONCLUSION

Appellant failed to show that she used due diligence in her attempt to serve Appellee. There was a time period before her attorney became ill in which no attempts of service or substitute service were made on Appellee. By the time Appellee was served there was an eleven month delay in service. Therefore, the appellate court should dismiss this appeal for want of prosecution or affirm the final summary judgment in Appellee's favor because Appellant failed to meet her burden.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Alieda Silguero respectfully asks the appellate court to affirm the judgment of the trial court that Appellant take nothing on her claim against Alieda Silguero, and for all other relief to which Alieda Silguero may be justly entitled, at law or in equity.

---

[14] *Id.* at 702

Respectfully submitted,

**CLARK, TREVINO & ASSOCIATES**
1701 Directors Blvd. Ste. 920
Austin, Texas   78744
(512) 445-1591
(512) 383-0503 (Facsimile)


By: /s/Nadia Ramkissoon_____
Nadia Ramkissoon
State Bar No.24076635
*E-mail:*
*nadia.ramkissoon@farmersinsuarnce.com*

**ATTORNEY FOR APPELLEE**

## CERTIFICATE OF COMPLIANCE

I certify by my signature above that I have reviewed Brief of Appellee and have concluded that every factual statement in it is supported by the Clerk's Record and that the number of words in this document as allowed by Tex. R. App. P. 9.4(i)(2) (B) is 2,564.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the document has been delivered by certified mail, return receipt requested, and or facsimile and or e-mail to the attorneys of record as listed below on the 21st day of July, 2015:

Leif A. Olson
Attorney at Law
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396
(281) 849-8382

/s/Nadia Ramkissoon
Nadia Ramkissoon

13